KOMITSCH v. DE GROOT et al.

(Supreme Court, Appellate Division, Second Department. March 13, 1903.)

1. BANK ACCOUNT—CONVERSATIONS WITH DEPOSITOR—ADMISSIBILITY.
    In an action by K. against the executor of D., to determine the ownership of a bank deposit in the names of "D. or K.," the testimony of a witness to conversations with D. relative to the bank account, which is already in evidence, is admissible.

Appeal from Kings County Court.

Action by Amelia Komitsch against William A. De Groot, as executor of Cornelius Dod, deceased, and another. From a judgment for defendants entered on a dismissal of the complaint on the merits, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

Martin T. Manton, for appellant.

Edwin D. Kenyon, for respondent William A. De Groot.

JENKS, J. This action is brought by Amelia Komitsch against the executor of Cornelius Dod, deceased, and the Greenpoint Savings Bank, to determine the ownership of money on deposit in said bank in the names of "Cornelius Dod or Amelia Komitsch." The plaintiff called Lola Hodgdon as a witness, who testified that she knew Mr. Dod in his lifetime, and that they frequently exchanged visits. She was then asked this question:

"Do you remember having any conversation with Mr. Dod in reference to this bank account? A. I do. (Objection on the ground that this conversation took place with the decedent without the authority, and in the absence, of the adverse party. Objection sustained. Exception.) Q. Do you remember having a conversation with Mr. Dod at your house? A. I do. (Objection on the same ground. Same ruling. Exception.) Q. Mrs. Hodgdon, do you remember having a conversation with him on Nassau about this account? A. I do. (Objection on same ground. Same ruling. Exception. On motion, answer ordered stricken out; also answer to prior questions. Mr. Manton: I take an exception.)"

I am of opinion that the learned county court erred in its rulings upon the questions put to the witness Hodgdon. Hurlburt v. Hurlburt, 128 N. Y. 420, 28 N. E. 651, 26 Am. St. Rep. 482; Greenleaf on Evidence (15th Ed.) vol. 1, § 189. The learned counsel for the respondent now seeks to sustain the rulings on the ground that at the time the witness was interrogated there was no proof of any account as alleged in the complaint. But, as I read the record, an account had been read in evidence, and it was clear enough that it was the very account referred to in the complaint, although there were some trifling inaccuracies in description, amounts, and dates, which the learned court very properly corrected by subsequent amendment. The question put to the witness did not relate to the accuracy of the description of the account, but referred to the statements which the testator had made with reference thereto. As we cannot say that the exclusion was harmless, I advise that the judgment and order be reversed, and a new trial ordered.

Judgment and order of the county court of Kings county reversed, and new trial ordered; costs to abide the event. All concur.