AMELIA KOMITSCH, Appellant, *v.* WILLIAM A. DE GROOT, as Executor, etc., of CORNELIUS DOD, Deceased, and the GREENPOINT SAVINGS BANK, Respondents.

*Evidence — competency of a conversation between a decedent and a witness in an action against the decedent's executor.*

In an action brought by Amelia Komitsch against the executor of Cornelius Dod and the Greenpoint Savings Bank to determine the ownership of money on deposit in said bank in the name of " Cornelius Dod or Amelia Komitsch," a witness sworn on behalf of the plaintiff may be permitted to testify to a conversation which the witness had with Cornelius Dod in relation to the bank account.

APPEAL by the plaintiff, Amelia Komitsch, from a judgment of the County Court of Kings county in favor of the defendants, entered in the office of the clerk of the county of Kings on the 24th day of June, 1902, upon the dismissal of the complaint by direction of the court, and also from an order entered in said clerk's office on the 18th day of June, 1902, denying the plaintiff's motion for a new trial made upon the minutes.

*Martin T. Manton,* for the appellant.

*Edwin D. Kenyon,* for the respondent, William A. De Groot, as executor, etc.

JENKS, J.:

This action is brought by Amelia Komitsch against the executor of Cornelius Dod, deceased, and the Greenpoint Savings Bank, to determine the ownership of money on deposit in said bank in the names of " Cornelius Dod or Amelia Komitsch." The plaintiff called

Lola Hodgdon as a witness, who testified that she knew Mr. Dod in his lifetime, and that they frequently exchanged visits. She was then asked this question : "Do you remember having any conversation with Mr. Dod in reference to this bank account? A. I do. Objection on the ground that this conversation took place with the decedent without the authority, and in the absence of the adverse party. Objection sustained; exception. Q. Do you remember having a conversation with Mr. Dod at your house? A. I do. Objection on the same ground; same ruling; exception. Q. Mrs. Hodgdon, do you remember having a conversation with him on Nassau about this account? A. I do. Objection on same ground; same ruling; exception. On motion, answers ordered stricken out; also answer to prior questions. Mr. Manton : I take an exception."

I am of opinion that the learned County Court erred in its rulings upon the questions put to the witness Hodgdon. (*Hurlburt* v. *Hurlburt*, 128 N. Y. 420; 1 Greenl. Ev. [15th ed.] § 189.) The learned counsel for the respondent now seeks to sustain the rulings on the ground that at the time the witness was interrogated there was no proof of any account as alleged in the complaint. But, as I read the record, an account had been read in evidence, and it was clear enough that it was the very account referred to in the complaint, although there were some trifling inaccuracies in description, amounts and dates, which the learned court very properly corrected by subsequent amendment. The question put to the witness did not relate to the accuracy of the description of the account, but referred to the statements which the testator had made with reference thereto. As we cannot say that the exclusion was harmless, I advise that the judgment and order be reversed and a new trial ordered.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment and order of the County Court of Kings county reversed and new trial ordered, costs to abide the event.