## WINTER et al. v. FRIEDMAN.

(Supreme Court, Appellate Division, Second Department.   March 2, 1906.)

EVIDENCE—PAROL EVIDENCE—SALE OF LAND—RECEIPT FOR PURCHASE MONEY—CONSTRUCTION.

Where, after an oral agreement for the purchase by plaintiffs of certain premises from defendant, plaintiffs deposited with defendant $50 on account, an instrument executed by defendant, reciting the receipt of the deposit, the price of the premises, "contract to be drawn Monday evening, August 8, 1904," etc., "$250 to be paid at the drawing of contract, $700 shall be paid at the closing of title," was a mere receipt, not intended as a contract, and evidence of a parol agreement by defendant, made prior to the

execution of the receipt, to convey the property free from tenement house
violations, was admissible, in an action by plaintiffs to recover the deposit
on the ground of defendant's refusal to comply with such agreement.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1831.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.
Action by Jacob Winter and another against Hyman Friedman.
From a judgment dismissing the complaint, plaintiffs appeal. Re-
versed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
RICH, and MILLER, JJ.

Benjamin Frindel, for appellants.
Harry Zirn, for respondent.

RICH, J.   On the 4th day of August, 1904, the parties in this action
entered into an oral agreement, the effect of which was that the plain-
tiffs agreed to purchase from the defendant certain premises in the
borough of Brooklyn.   Plaintiffs deposited with the defendant the
sum of $50 on account of said agreement, whereupon the defendant
executed and delivered to them a writing, as follows:

                                    "Brooklyn, N. Y. Aug. 4, '04.
    "Received from Messrs. Winter and Kershefskey fifty dollars deposit on ·
premises No. 134 Boerum St. Bklyn, N. Y.   Price of property six thousand dol-
lars (6,000).   Subject to a first mortgage of ($2,600) which is to run for 4 .
years, a second mortgage of ($1,625) payable one hundred twenty-five dollars
every six months with interest at the rate of 6%.   A third mortgage shall be
taken by the owner which shall be seven hundred seventy-five dollars to run
for four years payable fifty ·dollars every six months with interest at 6%.
Contract to be drawn Monday evening, August 8, 1904, at the office of Mr. Zirn
No. 14 Graham Ave. City.   Two hundred and fifty dollars to be paid at the
drawing of contract.   Seven hundred dollars shall be paid at the closing of
title.                                            H. Friedman."

The parties met at the time and place named in the instrument,
and a disagreement arose as to what the contract to be executed should
contain.   The plaintiffs insisted that the defendant had agreed to con-
vey the property to them free from tenement house violations, and
asked that a provision to that effect be inserted in the contract.   The
defendant refused to assent to this, and the negotiations ended.   The
plaintiffs thereupon brought this action to recover the sum deposited.
The court upon the trial refused to receive any evidence of the oral
agreement or of the conversation between the parties prior to the
execution of the above writing, which was held to constitute the con-
tract between the parties in which the oral agreement was merged.

It is evident that the paper was executed and delivered as a receipt.
It is so designated in the pleadings.   I do not think it was intended
as a contract.   It clearly appears from the evidence that it does not
contain all of the agreement then entered into, and it provides in
terms for drawing a formal contract.   It has long been held that,
when a written instrument is executed as evidence of a part perform-
ance of an oral contract, and as incident thereto, there is no merger;
and the rule prohibiting parol evidence, the effect of which is to vary
or change a written agreement, does not apply where the original

contract was verbal, and the writing was only executed as a part performance of an entire oral agreement. Juilliard v. Chaffee, 92 N. Y. 529, 535; Eighmie v. Taylor, 98 N. Y. 288. I think evidence of the parol agreement was competent, and its exclusion by the trial justice was such an error as to call for a reversal of this judgment.

Judgment reversed, and new trial granted, costs to abide the event. All concur.