### SULLIVAN v. FRANZREB.

(Supreme Court, Appellate Division, Second Department. January 12, 1912.)

1. VENDOR AND PURCHASER (§ 3*)—CONTRACT—CONSTRUCTION.

   Where plaintiff's intestate paid the money sought to be recovered to defendant on the understanding that intestate was to take certain land to be conveyed by defendant or return the money, and not that intestate might at her election have the money applied on the purchase price or have a refund thereof, there being no proof of breach of contract, plaintiff could not recover the money in assumpsit; her only remedy being an action on the contract to convey the land, or arising out of a breach thereof.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 3.*]

2. EVIDENCE (§ 408*)—WRITTEN INSTRUMENT—RECEIPT—PAROL TESTIMONY.

   The giving of a receipt for money which plaintiff sought to recover in assumpsit did not preclude the parties from offering parol testimony as to the contract, if the whole of it was oral, and only a part reduced to writing.

   [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 408.*]

3. WITNESSES (§ 199*)—ATTORNEYS—PRIVILEGE.

   Where an attorney was summoned to attend an interview between plaintiff's intestate and defendant, and took part in the interview and prepared a receipt for money given by intestate to defendant on a contract to convey land, he was not employed as the attorney for either party, in such a sense that he was incompetent to testify to what took place at such interview, under Code Civ. Proc. § 835, disqualifying an attorney to testify to communications by his client, etc.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 749–751, 766, 767; Dec. Dig. § 199.*]

Appeal from Municipal Court, Borough of Richmond, First District.

Action by Elizabeth A. Sullivan, as administratrix, etc., against Annie E. Franzreb. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

See, also, 131 N. Y. Supp. 1146.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

James Burke, Jr., for appellant.
Patrick H. Loftus, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, P. J. [1] The plaintiff declared upon (1) money had and received; and (2) breach of contract. The proof suffices to show that plaintiff's intestate paid $250 to the defendant. But the paper read in evidence by the plaintiff is a receipt to her intestate from the defendant for $250, "same being partial payment on lot of Donohue property, being sold by me to said Margaret J. Neville." The testimony of plaintiff's witness, Mr. Rabinowitz, an attorney at law, as to the interview between the said intestate and the defendant, which resulted in this receipt, does not establish that this money was paid subject to receiving repayment upon demand. His testimony that survived the striking out by defendant's motion is that the understanding of the principals was that the intestate was to take the land or have return of this money; not that the intestate might at her election have the money applied upon the purchase or have a refund thereof. There was not proof of the breach of any contract.

[2] The version of the defendant is that she received the money on account of the purchase price of the land, which she is now willing and able to convey, as she ever has been. Upon the facts as established, the only remedy would rest upon the contract to convey the land, or arise out of a breach thereof. The said receipt did not preclude the parties from offering parol testimony as to the understanding between the principals, if the whole contract was oral, and but part of it reduced to writing. Eighmie v. Taylor, 98 N. Y. 288; Winter v. Friedman, 111 App. Div. 306, 97 N. Y. Supp. 733; Blair v. Minzesheimer, 124 App. Div. 177, 108 N. Y. Supp. 799.

[3] The testimony of Mr. Rabinowitz was not incompetent, under section 835 of the Code of Civil Procedure. Hurlburt v. Hurlburt, 128 N. Y. 420, 28 N. E. 651, 26 Am. St. Rep. 482. The cases cited by the learned counsel for the appellant, while examples of the application of the said statute, are not germane to the case at bar. The testimony of Mr. Rabinowitz is that as an attorney at law he was summoned to attend an interview between the plaintiff's intestate and the defendant; that he did so, took part in the interview, and prepared the said receipt. The reason for the rule is to assure secrecy of the professional advice from attorney to client; but, when persons consult an attorney upon a matter involving his professional services, the rule does not obtain as to the communications with the attorney incidental to that matter, and cannot be invoked in litigation which may arise between these parties (Doheny v. Lacy, 168 N. Y. 224, 61 N. E. 255), or between their personal representatives (Hurlburt v. Hurlburt, supra).

The judgment must be reversed, and a new trial must be ordered; costs to abide the event. All concur.