# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 9, 1913.

### PISANI
### VS.
### VICARI.

*Lee S. Meyer* and *J. Pembroke Thom* for plaintiff.

*Thos. C. Weeks* for defendant.

**DUFFY, J.—**

The facts proven in this case indicate that the deed of the property, 4 W. Pratt street, was executed and delivered by Vicari to Cutino under suspicious circumstances. If in addition to these circumstances the testimony showed that the transfer was voluntary, I would have no hesitation in setting it aside. But the fact, undisputed, that a valuable consideration passed from Cutino to Vicari at the time of the execution of the deed weakens the testimony as to those facts which would otherwise be sufficient to have put Cutino upon inquiry as to the bona fides of the grantor. It is difficult to impeach a transfer as fraudulent which is founded upon a valuable consideration. Indeed, there are authorities which hold that where the consideration is valuable an actual or express intent on the part of the grantee to defraud must be proved, though this is perhaps too emphatic a statement.

L. R., 20 Ch. Div. (1881-2), 303, in re Johnson.

L. R., 5 Ch. App. (1869), 544, Freeman vs. Pope.

The tenant occupying the property was anxious to buy it. He had offered Vicari $4,000, sometime before the sale to Cutino, but the offer had been refused. Vicari accepted $3,000, in cash, from Cutino for it, and within three days after the transfer this same tenant had agreed to purchase it from Cutino for $5,100. This agreement would have been consummated but for the filing of the bill by Arrue to have the deed from Vicari to Cutino set aside as fraudulent. These facts clearly prove that the purchase money $3,000, though a valuable consideration, was much below the actual value of the property.

The rule which should be adopted in a case like the present is well set forth in 6 Wall, 312, Clements vs. Moore.

. "When fraud is established in a suit at law the buyer loses the property without reference to the amount or application of what was paid and he can have no relief either at law or in equity. When the proceeding is in chancery the jurisdiction is more flexible and tolerant. The equity appealed to, while it scans the transaction with the severest scrutiny, looks at all the facts and giving to each one its due weight, deals with the subject before it according to its own ideas of right and justice. In some cases it visits the buyer with same consequences which would have followed in an action at law. In others it allows the security to stand for the amount advanced upon it. In others it compels the buyer to account only for the difference between the under price which he paid and the value of the property."

6 Md. 197, Worthington vs. Bullett.

5 L. R. A. (N. S.) 395, Note.

I will sign a decree setting aside the deed from Vicari to Cutino, dated 28th December, 1908, as a violation of the Statute of Elizabeth, but preserving Cutino's right to a return of the sum paid for the property, with interest, and requiring Cutino to account for the rents and profits.

The claim of privilege on the part of the witness Di Marco is not well taken, he was consulted by both Pisani and Vicari, and both were present at the interviews with him. Under these circumstances in subsequent litigation between them, he can be compelled to testify on the call of either Pisani or Vicari.

Jones Evidence, Sec. 748, Note 55.

Stephen's Digest, 555.

39 N. J. Eq. 516, Gilick.

128 N. Y. 424, Hulburt.

136 Cal. 384, Harris.

212 Pa. St. 62, Mitchell.

The testimony of the witness Carr as to statements made to him by Vicari out of the presence of Cutino, in reference to the property No. 4 W. Pratt street, were admitted subject to exception. Record, p. 73. The objection of this testimony was properly overruled. The statements of Vicari were offered for the purpose of showing a fraudulent intent on his part and were admitted for that purpose.

14 A. & E. Ency. 494.