JOHN LEVER, Appellant, v. GAYER G. DOMINICK and Others, Surviving Copartners Composing the Former Firm of DOMINICK & DOMINICK (as it existed in 1924), Respondents.— Order striking from the complaint certain allegations on the ground they are irrelevant, unnecessary and scandalous and tend to prejudice the fair trial of the action, and directing plaintiff to serve an amended complaint, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Defendants' time to answer is extended to and including ten days after the entry of the order to be entered hereon. The action is to recover the purchase price of certain securities, based upon plaintiff's rescission of the contract. In view of the fiduciary relationship, in our opinion the allegations struck out are relevant. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

JOSEPH LEVINE, Appellant, v. JOSEPH KOPELOWITZ, Respondent.— In an action brought by the plaintiff for damages sustained while riding as a passenger in defendant's automobile through the skidding of the automobile, judgment in favor of the defendant reversed on the law and the facts and a new trial granted, costs to abide the event. In the opinion of this court, the verdict was against the weight of the credible evidence. The language of the charge at folio 348 was misleading, and at folios 358 and 363 it placed undue emphasis on the plaintiff's failure to leave the car before the accident as evidence of contributory negligence. Lazansky, P. J., Carswell, Davis, Adel and Close, JJ., concur.

JOHN D. MARTIN and EDWARD J. MARTIN, SR., as Administrator, etc., of THOMAS N. MARTIN, Deceased, Appellants, v. REBECCA SLIFKIN, as Executrix, etc., of SAMUEL SLIFKIN, Deceased, and Individually, and MORRIE SLIFKIN and IRVING SLIFKIN, Respondents.— In an action to recover on a bond accompanying a mortgage on real property, where the mortgage has been cut off by the foreclosure of a prior mortgage, judgment entered upon a verdict of a jury in favor of defendants unanimously affirmed, with costs. The defense was usury. The exact amount paid by the obligees was a question of fact to be determined by the jury. This question having been resolved in favor of defendants, we are not disposed to interfere with the verdict. The testimony of the attorney who handled the transaction was properly admitted on the trial, as it was not privileged under section 353 of the Civil Practice Act, for the reason that the parties on both sides consulted this witness for their mutual benefit. (*Hurlburt* v. *Hurlburt*, 128 N. Y. 420, 424.) Lazansky, P. J., Carswell, Davis and Adel, JJ., concur; Close, J., not sitting.

CELESTINO MATTEO, as Administratrix, etc., of DAMIANO MATTEO, Deceased, Appellant, v. THE CITY OF NEW YORK, Respondent.— Action for damages, based on both negligence and nuisance. Plaintiff claimed that the defendant had improperly failed to remove from the roadway of a public street an abandoned automobile and that as a consequence there was an explosion in the course of which plaintiff's intestate received burns from which he died. Judgment entered upon a verdict in favor of the defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.