FREDERICK W. GOTTWALD, as Administrator, etc., of PETER GOTT-WALD, Deceased, Respondent, *v.* FRED MEDINGER, Individually and as Executor and Trustee of the Estate of CATHERINE MEDINGER, Deceased, and CHARLES CROCOLL, as Executor and Trustee of the Estate of CATHERINE MEDINGER, Deceased, Appellants.

Fourth Department, May 19, 1939.

*Layton H. Vogel*, for the appellants.

*Garono, Jaeckle & Kelly [Milton E. Kaeselau* of counsel], for the respondent.

PER CURIAM. In 1927, Fred Medinger and his wife Catherine executed and delivered to Peter Gottwald their bond, under seal, conditioned upon the payment of $3,500, which bond was secured by a mortgage, also executed by them, covering premises owned solely by the husband, Fred Medinger.

This action is brought by the administrator of Peter Gottwald, deceased, against the defendant Fred Medinger and the executors of his wife's estate, to recover the principal and interest due and unpaid upon the bond. The defendant Fred Medinger both individually and as executor of his wife's will defaulted in answer-

ing the complaint; his wife's other executor interposed an answer setting up the defenses of usury and lack of consideration. The issues were referred to an official referee to hear and determine, who gave judgment to the plaintiff for the relief demanded in the complaint.

The referee found as a fact that the bond in question was given by Fred Medinger and his wife for a valuable consideration. This finding is amply supported by the evidence. (*Knight* v. *Kitchin*, 237 App. Div. 506.)

The referee also found that no usurious or unlawful rate of interest was either charged or paid. This finding is also supported by the evidence. Plaintiff called as a witness the attorney who represented both the lender and the borrowers in the bond and mortgage transaction and he testified that Catherine Medinger told him that she owed the lender $200 which sum was to be deducted from the loan; that, upon receipt of $3,300 from the lender, he delivered the bond and mortgage. Objection was made to the reception of this evidence upon the ground that it was hearsay. The evidence was competent both as an admission and as a declaration by Catherine Medinger against her interest. (*Tompkins* v. *Fonda Glove Lining Co.*, 188 N. Y. 261; 22 C. J. 233; Richardson on Evidence [5th ed.], §§ 295, 352.) Defendants now urge, as ground for reversal, that this testimony was inadmissible by reason of the provisions of section 353 of the Civil Practice Act, which forbids disclosure, by an attorney, of confidential communications made to him by a client. In view of the finding of the referee that the witness acted as attorney for all of the parties to the bond and mortgage transaction, which finding is supported by the evidence, section 353 of the Civil Practice Act is inapplicable. (*Hurlburt* v. *Hurlburt*, 128 N. Y. 420; *Wallace* v. *Wallace*, 216 id. 28.)

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment affirmed, with costs.