RADDANT, Plaintiff and Respondent, vs. LABUTZKE, Defendant and Respondent: WESTERN CASUALTY & SURETY COMPANY, Defendant and Appellant.

*December 5, 1939—January 16, 1940.*

*Chas. H. Avery* of Antigo, attorney, and *M. G. Eberlein* of Shawano of counsel, for the appellant.

For the respondent Reuben Raddant there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter.*

*Orville S. Luckenbach* of Shawano, for the respondent Lester Labutzke.

FOWLER, J. This is a companion case to that of *Hoffman v. Labutzke, ante,* p. 365, 289 N. W. 652. The plaintiff sues to recover for injuries sustained in the overturning of an automobile driven by the defendant Labutzke, of whom he was a guest. The insurer of the car is joined as a defendant. The automobile was overturned by the defendant Labutzke's running off the left side of the road in attempting to make a turn in the road to the right. A detailed statement of the facts is given preceding the opinion in the *Hoffman Case, supra.*

The appellant assigns many errors in its brief, but in the view we take of the case we need consider only two. These assignments are that the court erred, (1) in not granting the defendant's motion for judgment on the verdict dismissing the complaint on the merits; and (2) in entering judgment dismissing defendant company's cross complaint on the merits and awarding costs to the defendant Labutzke.

(1) By special verdict one of the questions submitted to the jury was: Did the plaintiff, in riding with the defendant

prior to the accident, assume the risk incidental thereto: "(a) The driving of said automobile at an excessive and reckless speed? (b) In failing to keep said automobile under control? (c) In failing to maintain an adequate lookout?" The jury answered each subdivision of the question "Yes."

The driving, control, and lookout referred to by the question were those of Labutzke. The court first granted the defendant's motion for judgment dismissing the complaint on these findings, but on reconsideration changed the answers to each subdivision of the question from "Yes" to "No." The jury found that the plaintiff was contributorily negligent to the extent of twenty-five per cent of the negligence involved. The court upon the verdict amended as above stated granted judgment for seventy-five per cent of the damages assessed by the jury pursuant to the comparative negligence statute, sec. 331.045.

The appellant claims that the court erred in changing the answers to the subdivisions of the question as to assumption of risk. The respondent contends to the contrary. The court correctly changed the answers to subdivisions (b) and (c), for a guest cannot be held to have assumed the risk from the conduct of his host at the immediate time of its occurrence when there is neither time nor occasion to object to it or protest against it. Such was the situation here as to Labutzke's control and lookout, and nothing had occurred prior to the immediate time to indicate habitual or likelihood of want of care or ability in either of these respects. But as to speed the situation is otherwise.

If the court properly changed the answer of subdivision (a), covering the question of assumption of risk as to speed, it is only because under the undisputed evidence, as matter of law, the plaintiff did not assume such risk. We are thus required to determine whether the undisputed evidence so shows. From the evidence detailed preceding the opinion in the *Hoffman Case, supra,* it appears that during the trip the

speed of the automobile did not exceed thirty-five or forty miles per hour until the automobile reached the crest of a long hill, when by the testimony of Labutzke, it was going fifty miles per hour. The evidence in the instant case showed that as the car passed the crest of the hill the grade was somewhat "down hill." According to Labutzke the speed then increased to sixty miles per hour, and according to Raddant and another witness to seventy-five. There is more evidence as to assumption of risk by Raddant in this case than there was as to that of Hoffman in the companion case. A little south of the crest of the hill there is a crossroad. Raddant testified that when about three hundred feet from this road he said, "I think that's an arterial," and that Labutzke answered, "No," he knew it was not an arterial. It was just a crossroad. He had the right of way. Raddant testified that the car was then going around seventy-five miles per hour; that Labutzke then let up on the accelerator a little; that after passing the crossroad Labutzke pushed down on the accelerator; that he (Raddant) then said, "Slow down, Les, what would you do if another car came along." On cross-examination Raddant testified that just a moment before the talk about the crossroad he objected to the speed by saying, "Not so fast, Les, we've lots of time." In his signed statement made shortly after the accident he stated that he did not object to the speed. He also claimed in this statement that after "we hit the curve" he noticed "that another car was on our side of the road," and he said, "Cut her down, Les, this guy is over on our side of the road;" that Les slowed down and about that time he cut the car to the left-hand side. There was no testimony bearing on protest except by Raddant, and Labutzke testified as to such protests that Raddant did not object to the speed of the car. He was then asked if on adverse examination in the *Hoffman Case* he did not testify that Raddant told him "to take it easy."

He answered that he did but claimed that Raddant said this because he thought the crossroad was an arterial. Labutzke also admitted that on his adverse examination in the *Hoffman Case,* on being asked whether Raddant told him "to cut down the speed because the crossroad was an arterial" he answered that "something like that was said," but he (Labutzke) said he did not think it was. What was contained in Raddant's written statement about not objecting to speed and what he said therein about "cutting her down" after they "hit the curve" is consistent with Labutzke's claim that what the plaintiff said about speed was not said by way of protest or objection but by way of aid in driving. After they "hit the curve" it was too late to protest anyhow as it could not avail to prevent going off the road. If the plaintiff had acquiesced in the speed up to that point he assumed the risk from it. From all the evidence, especially in view of the plaintiff's written statement, it appears to us that the question of assumption of risk was for the jury to determine and that the court erroneously changed the answer of the jury to that question. As under the rule of this court assumption of risk is not contributory negligence but bars recovery (*Scory v. LaFave,* 215 Wis. 21, 254 N. W. 643; *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721), the motion of the defendant company for judgment on the verdict should have been granted.

(2) In this case the defendant company filed a cross complaint setting up that Labutzke, an assured under the extended coverage clause of the policy, breached the conditions of the policy and under the "no-action" clause of the policy thereby rendered it void. The issue thus raised was submitted to the jury upon the question: "Did Labutzke wilfully, falsely, and fraudulently misrepresent to the defendant company that there was another car approaching from the opposite direction?" The jury answered that question "No."

Upon this finding the court entered a separate judgment dismissing the cross complaint and awarding costs to Labutzke against the company.

An important item of evidence bearing upon this question is whether Labutzke, after the trial of the *Hoffman Case,* stated to his attorney, who was also the attorney for the company and who tried that case for both defendants, that he had falsely sworn on the trial of that case and falsely stated in his written statement to the company that another car was approaching on his side of the road as he reached the right-hand turn and he turned left and ran off the road and caused plaintiff's injuries in effect to avoid a head-on collision with that car, whereas no other car was approaching. On the trial of this case the company sought to prove by the attorney, Mr. Aschenbrener, that Labutzke so stated. The company also sought to prove by Mr. Aschenbrener what Labutzke subsequently said as to such matter in a meeting with the attorney and a special agent of the company. The evidence was rejected on the ground that the communications were privileged under sec. 325.22, Stats.

We held in the *Hoffman Case, supra,* that the rejection of the testimony of the attorney as to those matters was erroneous and prejudicial for the reasons therein stated. For those reasons they were erroneously rejected and the error was prejudicial here. We rest our ruling upon this point upon what is said upon it in the *Hoffman Case.* It follows that the judgment dismissing the cross complaint and awarding costs to the defendant Labutzke must be reversed, and a new trial awarded on that issue if either defendant shall desire to press it.

*By the Court.*—The judgments of the circuit court branch of the county court are reversed, and the record is remanded with directions to dismiss the plaintiff's complaint and for further proceedings upon the cross complaint in accordance with the opinion.