HARRY J. LA BARGE, Appellant, v. HERMAN LA BARGE et al., Respondents.— Appeal from a judgment of the Supreme Court, Clinton County, dismissing the complaint at the close of plaintiff's case. The action was one to set aside a deed and bill of sale executed by the plaintiff's father Adolphus La Barge, shortly before his death, conveying all of his property, both real and personal, to his son Herman La Barge and the latter's wife Flossie. It was alleged that the conveyance had been induced by fraud and undue influence and that the grantor was lacking in mental competence. There was evidence to the effect that, at the time the deed and bill of sale were prepared and executed in the office of an attorney, Adolphus La Barge and his son Herman were both present. The trial court ruled that testimony by the attorney as to any conversation between Adolphus and the attorney which had taken place at that time was inadmissible because of the attorney-client relationship, under section 353 of the Civil Practice Act, notwithstanding the presence of Herman. This ruling was erroneous. If Herman is regarded as a stranger to the transaction, his presence rendered any communication by Adolphus to his attorney nonconfidential (*People* v. *Buchanan,* 145 N. Y. 1; *Baumann* v. *Steingester,* 213 N. Y. 328; 8 Wigmore on Evidence, § 2311). On the other hand, if it is assumed that Herman was present at the consultation because he was a joint client of the attorney or because he had an interest in the subject of the consultation, the attorney-client privilege still could not be invoked to bar the attorney's testimony in this action. In the case supposed, any communication to the attorney would be privileged in a suit between either of the participants and a stranger but not in a suit between the participants themselves (*Hurlburt* v. *Hurlburt,* 128 N. Y. 420; *Wallace* v. *Wallace,* 216 N. Y. 28; *Gottwald* v. *Medinger,* 257 App. Div. 107; 8 Wigmore on Evidence, § 2312). Since the plaintiff was suing as one of his father's heirs, with respect to the real property, and on behalf of his father's estate with respect to the personal property (cf. *Bliss* v. *Winters,* 38 App. Div. 174), the litigation was in effect between the participants to the consultation and therefore the attorney-client privilege was not applicable (*Hurlburt* v. *Hurlburt, supra*). We cannot say that the error was nonprejudicial since we do not know what the testimony of the attorney would have been and to what extent it might have supported the plaintiff's allegations. Judgment reversed on the law and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.