E. W. Henke, administrator of estate of Richard Allen Townsend, deceased, appellee, v. Iowa Home Mutual Casualty Company, appellant.

No. 49386.

(Reported in 87 N.W.2d 920)

FEBRUARY 11, 1958.

Larson & Carr, of Charles City, for appellant.

Keith S. Noah, of Charles City, for appellee.

LARSON, J.—The principal issue involved in this appeal is whether correspondence, reports and communications are confidential and privileged between an insurer and the attorney employed by it to defend an insured in litigation resulting from an automobile accident insofar as it pertains to that litigation.

Plaintiff brought an action at law asking damages against the defendant, an automobile liability insurance company, referred to herein as the insurer, for bad faith and negligence in failing to settle two cases against plaintiff within the limits of the policy and in which judgment was rendered against him in an amount greatly in excess of the limits of the policy. After the issues were resolved, plaintiff filed an application asking for an order directing the defendant-company to produce for plaintiff's inspection, copying, or photostating "all letters, correspondence, reports, communications and copies of the same", concerning the two previously tried cases in Floyd County, Iowa. Defendant's resistance was on the sole ground that each and every item which plaintiff asked an order to produce "is privileged" under the laws of the State of Iowa, and is therefore not available to plaintiff for his use in the trial of this cause.

In its ruling the court found that the insurer employed a Mason City law firm in accordance with its obligation, under an insurance contract with plaintiff's decedent, to defend in any action for damages resulting from such an accident; that said firm did defend the administrator in the trial of the two cases, and further that said firm "did defend and represent both parties, that is, E. W. Henke, Administrator, and Iowa Home Mutual Casualty Company in the two cases against * * * E. W. Henke, Administrator."

The trial court then said: "The court finds that this being true, the letters and documents which the plaintiff in this cause wishes to inspect, copy or photostat, are not privileged", and it entered an order for the defendant to deposit within fifteen days with the clerk, for inspection, copying or photostating by plaintiff, *all letters, correspondence, reports, communications* and

*copies* of same, concerning the causes of action heretofore mentioned, sent by the defendant-company to the Mason City attorneys who tried the cases, and received by the company from said attorneys, as it concerned the two causes of action already tried.

Permission having been first obtained from this court, the Iowa Home Mutual Casualty Company has appealed from that ruling.

Plaintiff contends that the ruling was correct and that under the circumstances appearing herein there is no privilege as between plaintiff and defendant. We agree. The district court, as disclosed by the pleadings, was presented with an alleged factual situation wherein the insured had a judgment against him in two personal-injury actions far in excess of the limits of an insurance policy of the insurer. Under the terms of the insurance contract the insurer had its attorney appear and defend the insured in both actions, a point conceded. The insurer had refused and failed to compromise these two personal-injury actions within the limits of the policy when requested to do so by the insured and when it had the opportunity to do so before each trial. In addition, the plaintiff filed with this application an affidavit to the effect that the company's attorney *did represent both parties,* the insurance company and the defendant insured, and that an attorney-client relationship existed between the attorney and the insured.

I. Defendant denies there is any attorney-client relationship between a lawyer, hired by an insurer and who defends the insured under the terms of the insurance policy, and the insured. The contention is without merit. The fact that another selects and pays an attorney does not control the relationship of attorney-client. It may be a factor to be considered in proving that such relationship exists, but there are many other more important factors, such as the undertaking by the attorney, and the acceptance of his services by the other. When with due knowledge one assents to the appearance in court of an attorney in his behalf, an attorney-client relationship must be presumed. It is no answer that under the contract the insured agrees to co-operate and aid the insurer's attorney. Nothing in the policy compels the insured or his representative to accept the attorney selected by the insurer. He may reject such attorney

and thus relieve the insurer from the obligation. On the other hand, if he consults and communicates with the furnished attorney, as contemplated by all parties, on the matter involved, and permits that attorney to enter his appearance in court for him, these actions tend to establish a clear personal relationship between himself and the attorney which is entitled to the usual confidences of client and attorney. There is no question here but what such a relationship did exist, and we hold that the district court was correct in its finding that the attorney hired by the insurer who tried the two cases did legally represent both parties in those transactions.

II. We have consistently held that when two or more parties consult an attorney for their mutual benefit, the testimony as to the communications between the parties or the attorney as to that transaction is not privileged in a later action between such parties or their representatives.

In our latest reference to this matter in England v. England, 243 Iowa 274, 282, 51 N.W.2d 437, 442, we said: "Notwithstanding section 622.10, Code, 1950 [now 1954], prohibiting testimony as to confidential communications, [the attorney's] testimony would have been admissible since, as [he] testifies, he acted as adviser to both plaintiff and defendant who went together to his office, if indeed he was more than primarily a scrivener of the deeds."

Also see Luthy v. Seaburn, 242 Iowa 184, 188, 46 N.W.2d 44, 46, and citations; Crawford v. Raible, 206 Iowa 732, 739, 740, 221 N.W. 474, 478, and citations; Annotation 141 A. L. R. 553, 554; Annotation 22 A. L. R.2d 662–664; 58 Am. Jur., Witnesses, section 496, and page 34 in 1957 supplement for late cases on this subject.

The rule is quite clear that to constitute a privileged communication to an attorney there must be some element of confidence imposed in the attorney himself, and for him to accept that relationship it must be apparent that the transaction or his action in relation thereto is for the mutual benefit of the parties, knowingly and willingly seeking his professional services.

It is true that in most, if not in all, of our cases previously decided, both parties went together to the attorney for advice

and guidance. Defendant vigorously contends that even if insurer and insured were both clients of one attorney in regard to the actions, the confidential nature of their respective communications with the attorney must be respected and be held privileged unless (1) they are made in the presence of the other, or (2) are made with the intent that they be communicated. Such exceptions to the confidential nature of attorney-client communications, if adopted, might be justified as waivers.

Section 622.10, Code, 1954, specifically provides as follows: "No practicing attorney, counselor * * * or the stenographer or confidential clerk of any such person, who obtains such information by reason of his employment * * * shall be allowed, in giving testimony, to disclose any *confidential communication properly entrusted to him in his professional capacity,* and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline. *Such prohibition shall not apply to cases where the party in whose favor the same is made waives the rights conferred.*" (Emphasis supplied.)

While there is respectable authority holding that communications between joint clients and their attorney are not privileged on the basis of waiver, Allen v. Ross, 199 Wis. 162, 225 N.W. 831, 64 A. L. R. 180, State v. Rogers, 226 Wis. 39, 51, 275 N.W. 910, and other cases cited in annotation 22 A. L. R.2d 662–664, we are convinced there is a more compelling reason the general rule prohibiting disclosures of information received in confidence by one of two or more joint clients in regard to a transaction for their mutual benefit is not privileged. It is simply that if it appears the secret or imparted communication is such that the attorney is under a duty to divulge it for the protection of the others he has undertaken to represent in the involved transaction, then the communication is not privileged. It would be shocking indeed to require an attorney who had assumed such duty to act for the mutual benefit of both or several parties to be permitted or compelled to withhold vital information affecting the rights of others because it involves the informant. In facing this situation the courts of Wisconsin held in State v. Rogers, supra, that an attorney may properly act as attorney for both parties to a transaction with the full

knowledge and consent of both, but when a conflict of interests arises in the matter, he must make full disclosures to both or terminate the relation of attorney and client as to both. The court said at page 48 of 226 Wis., page 914 of 275 N.W.: "It was very difficult, if not impossible, for the defendant [attorney] to remain loyal and faithful to both his clients under the circumstances of this case", and it held the paramount duty of the joint attorney was to disclose. We agree.

Although it is true all cases of this nature decided in Iowa involved situations where both parties were present, our statements do not tend to limit the rule to such circumstances or base it on joint attendance or on waiver, and we think properly so. We said in Stewart v. Todd, 190 Iowa 283, 288, 173 N.W. 619, 621, 180 N.W. 146, 20 A. L. R. 1272, where both parties were present at the time:

"It [the contract] was submitted to him [the attorney] for a legal opinion, at the request of both parties, * * * and it is claimed that what was said is privileged, under the statute. This position cannot be sustained. *The privilege does not apply to cases* where two or more persons consult an attorney for their mutual benefit. Mueller v. Batcheler, 131 Iowa 650, 653." (Emphasis supplied.)

In the Batcheler case, supra, we said simply that "The privilege 'does not apply to a case where two or more persons consult an attorney for their mutual benefit' ", citing the New York case of Hurlburt v. Hurlburt, 128 N. Y. 420, 28 N.E. 651, 26 Am. St. Rep. 482; and 4 Wigmore, Evidence, section 2311. It must be noted the words "jointly consult" were not used. Conceivably the court did not intend to confine the rule to the situation where they consulted the attorney at the same time, and we do not think that element controlling. At least, good judicial pronouncement did not call for such a restriction in the rule then set forth.

Nevertheless, it is our conclusion that the privilege provided by the law, statutory or common, although quite conclusive as between an attorney and a sole client, does not apply as to communications between the parties involved in a given transaction which has been submitted to an attorney for action or

advice by two or more persons for their mutual benefit. Petty v. Superior Court, 116 Cal. App.2d 20, 253 P.2d 28. The duty of the attorney to disclose or protect the interest of each is too great and too well settled for anyone to expect communications which will make impossible further efforts for the benefit of all by the attorney, to be privileged. The rule is based on much firmer ground than waiver, that of duty, loyalty and fairness, as well as on substantial public policy.

In the fast-moving economic world of today it seems desirable and proper to permit and encourage the consultation of an attorney by several parties on matters or transactions in which they have joint and mutual interests, although in almost every such case there is a potential conflict of interest and, if and when it develops, that lawyer cannot and should not try to render further service or advice therein.

In the case of Kilgo v. Continental Casualty Co., 140 Ark. 336, 215 S.W. 689, we find a situation somewhat in reverse of the case at bar. There the insured communicated the information to the attorney representing both the insured and insurer, in a personal-damage action, that his former statements given the insurance company were false. That communication was held not privileged and the attorney's testimony concerning same admissible in an action between the parties and their representatives or assigns.

In the case of Klefbeck v. Dous, 302 Mass. 383, 389, 19 N.E.2d 308, 312, the company excepted to the introduction of a letter written to it by the trial attorney expressing his opinion as to the legality of the registration of the automobile of Dous. The court said:

"The principle is settled that a letter from an attorney to his client relative to a matter in which he is acting as counsel cannot be disclosed by the attorney without the consent of the client. [Citing cases] At the time the letter was written the attorney, who had been selected by the company, had filed an appearance for Dous in the actions brought against him and had conferred with him concerning this litigation. He was acting for both Dous and the company and the subject matter of the communication in question was concerned with a material issue

in the pending actions. Such a communication was not privileged against Dous * * *. We see no error in the admission of this evidence [citing cases]."

For further support of this view, see Pennsylvania Casualty Co. v. Elkins, 70 F. Supp. 155; Hoffman v. Labutzke, 233 Wis. 365, 289 N.W. 652; Raddant v. Labutzke, 233 Wis. 381, 289 N.W. 659, companion cases; Grand Trunk Western R. Co. v. H. W. Nelson Co., 6 Cir., 116 F.2d 823; Hunt v. McCloud, 231 Ky. 801, 22 S.W.2d 285; Standard Fire Ins. Co. v. Smithhart, 183 Ky. 679, 211 S.W. 441, 5 A. L. R. 972; Petty v. Superior Court, supra, 116 Cal. App.2d 20, 253 P.2d 28; and annotation 22 A. L. R.2d 662–664, wherein it is stated that as the attorney for the insurance company, in defending an action against the insured, is acting for both his company and the insured, the admission by the insured to him while so acting, which affects the liability of the company on the policy, may be testified to by the attorney when that issue is raised. The rule applies to an admission that his statements in his report of the accident and his other information given the company previous to the trial were false, citing Kilgo v. Continental Casualty Co., supra. Clearly, if the rule is right for the insurer, it is also right for the insured.

To the contra, see State v. Krich, 123 N. J. L. 519, 9 A.2d 803; Note, 11 Ann. Cas. 878.

In Petty v. Superior Court, supra, one of the latest cases to come to our attention on this matter, the court, in discussing the duty of an attorney mutually employed by two persons, said it concluded from the averments in the affidavits that the relationship of attorney and client existed between both parties and the attorney. It further stated at pages 30, 31 of 116 Cal. App.2d, page 34 of 253 P.2d: "It is not to be assumed that Mr. [G.], out of the presence of Mr. [N.], gave to their attorney material information which the attorney ought to withhold, as confidential information, from Mr. [N.]. The communications between Mr. [G.] and [the attorney] were not privileged communications. [The attorney] was not disqualified to be attorney for Mr. [N.] in said action of [N. v. G.]." It was also pointed out that ordinarily the attorney for two or more parties is not the

depositary of confidential communications from either party which ought to be withheld from the other. The reason assigned for that rule is that, as between the clients, communications made for the mutual benefit of all lack the element of confidentiality which is the basis of privileged communications. For the same pronouncement, see 58 Am. Jur., Witnesses, section 496, page 278, and 97 C. J. S., Witnesses, section 281, page 795.

We must, therefore, here assume the defendant and its attorney did not engage in communications which would be so in derogation of the insured's rights that it would need to be classified as confidential or privileged as to him as a joint client, and it is therefore available for plaintiff's inspection.

III. Defendant contends rule 141(a), as amended, bars the production of these communications, reports, etc. as writing prepared by the adverse party, or his attorney. Rule 141(a), R. C. P., as amended, provides:

"The deponent shall not be required and the court shall not order a deponent or party to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor or agent, in anticipation of litigation or preparation for trial *unless satisfied that the denial of production or inspection will result in an injustice or undue hardship;* nor shall the deponent be required or the court order a deponent or party to produce or submit for inspection any part of a writing which reflects an attorney's mental impressions, conclusions, opinions or legal theories, or, except as provided in rule 133, the conclusions of an expert. * * *." (Emphasis supplied.)

Deponent under the first part of this rule may or may not be compelled to submit certain papers pertaining to the pending litigation. It is left largely in the sound discretion of the trial court to determine whether a denial "will result in an injustice or undue hardship." There was no contention here that the court abused its discretion in that regard, and we hold it did not. The correspondence may be quite necessary as proof of an unreasonable and arbitrary attitude on the part of the insurer in not settling these cases when advised to do so. To

624

refuse availability of this element of proof to plaintiff might reasonably be found to be an injustice or undue hardship.

The second part of the rule which relates to the work product of the attorney clearly has reference to the pending action only and is for the protection of the work of present counsel for the insurance company in his preparation for these proceedings. It goes no further.

From another angle rule 141(a) is not applicable to the instant situation. The papers and writings which the plaintiff is requesting were not related to or prepared for the present action between the insurer and the insured. These papers were prepared in a different action at an earlier time when one attorney represented both the insurer and the insured. As determined in the earlier discussion of the privilege, all of this information was open to both parties and its availability did not cease when a controversy arose between the two. The discovery rule is designed to accomplish a different purpose. It applies in an action between two adverse parties whose separate counsels have each made investigations in respect to that action which they intend to use in the adversary proceeding between the two. These papers were not in that classification because at the time the papers demanded were prepared the parties were not adverse to each other but were working together in a common defense. Even assuming the rule to be applicable, the material appears to be in the category which would justify a court in requiring disclosure, but this is really not necessary for the decision because the material was not the type or kind protected under the discovery rule.

IV. Considerable argument is devoted to the element of public policy in matters of this kind, but as previously set forth herein, we are satisfied that good public policy will not be injured, but aided, by a clear restriction placed upon the assumed relationships where one or more persons find it desirable to seek advice and services of a single attorney. When it is for the mutual benefit of all, and just as long as the communications and actions do not disclose a situation which would make the interest of the parties adverse, one attorney may properly, with the consent of the parties, represent all parties. Generally, and certainly here, the implied consent is given by each under such

conditions only. Public policy demands that when counsel can no longer act for the good of all, due to secret or confidential information disclosed by one of the parties, the relationship should cease. Without such disclosure, it may be assumed nothing adverse to either or any of the parties was disclosed or communicated, and that no such confidential matters as the law protects are involved as between the parties and the attorney.

Such being the case before us, we conclude the trial court was correct in holding that the papers requested were not as between the parties confidential, and that the claim of privilege was invalid.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.