Michael Joseph **WARNKE** and Jane Ann **Weber,** Appellees,

v.

**IMT INSURANCE CO.,** Appellant.

No. 01–0986.

Supreme Court of Iowa.

Feb. 26, 2003.

Rehearing Denied March 14, 2003.

John B. Grier and Merrill C. Swartz of Cartwright, Druker & Ryden, Marshalltown, for appellant.

Gregory T. Racette and Marci B.H. Tooman of Hopkins & Huebner, P.C., Des Moines, for appellees.

PER CURIAM.

This case involves a discovery dispute in an action for bad faith and breach of contract brought against an insurance company, IMT Insurance Co. (IMT), by the assignee of a judgment creditor denied coverage by IMT in prior litigation. At the time of the discovery orders that are being challenged, the prior litigation was still pending on appeal. Although that appeal has been decided and the case remanded to the district court, the litigation is still proceeding. IMT seeks an order staying all discovery until the disposition of the issues in the prior litigation. We grant that relief.

In prior litigation, the present plaintiff, Jane Ann Weber, recovered a substantial judgment for personal injuries against Michael Warnke. At the time of the collision causing Weber's injuries, Warnke was driving an automobile for which ownership is still in dispute in the prior litigation. As the parties appear to agree, if it is determined that Glidden Body Shop was the owner of the vehicle that Warnke was operating, there would be coverage under IMT's policy. However, if Glidden Body Shop is not the owner of the vehicle, or if the vehicle was not being driven with the owner's consent, then Warnke is not an insured under the IMT policy.

Warnke's claims against IMT based on its alleged denial of coverage have now been assigned to Weber, the plaintiff in the prior and still-pending litigation. Although we decline to determine the effect, if any, that the outcome of that litigation may have on the present litigation, we deem it prudent to delay further proceedings in the present action until the ownership of the vehicle has been determined in the other pending litigation. Consequently, we agree with IMT that all discovery efforts in the present case should be stayed until final disposition of the litigation involving Glidden Body Shop's ownership of the vehicle.

We further conclude that as a result of a stay of discovery it is necessary to stay the trial of the present litigation. In complying with our order that this be done, the district court shall grant whatever continuances may be necessary to protect the case against dismissal pursuant to Iowa Rule of Civil Procedure 1.944.

Another issue upon which the parties disagree is whether the district court applied an improper standard with respect to its orders granting Weber's discovery requests. We are unable to conclude from the record what standard the district court

applied. We are convinced, however, that the standard that should have been applied is that contained in Iowa Rule of Civil Procedure 1.503(3).

Weber urges that, because IMT owed Warnke a defense as to her claims against him, this is a third-party insurance claim such as the one before this court in *Henke v. Iowa Home Mutual Casualty Co.,* 249 Iowa 614, 618, 87 N.W.2d 920, 923 (1958). We disagree. To implicate the discovery principle recognized in *Henke,* the insurer must have accepted the responsibility for the defense. Weber's claim (through Warnke) is that IMT did not accept responsibility for Warnke's defense.

Because of our uncertainty as to the basis for the district court's ruling, we vacate the discovery orders that have been challenged by the plaintiff and direct that, if discovery is resumed on the conclusion of the prior litigation, Weber's requests shall be reconsidered by the district court. On such reconsideration, the district court shall view Weber's discovery requests as those presented in a first-party claim against the insurer wherein the interests of the parties are adverse. As we recognized in *Squealer Feeds v. Pickering,* 530 N.W.2d 678, 686 (Iowa 1995), that status gives IMT a qualified immunity from the discovery of its investigative files. Pursuant to Iowa Rule of Civil Procedure 1.503(3), if the material sought was prepared in anticipation of litigation "or for trial by or for another party or by or for that other party's representative (including the party's attorney, consultant, surety, indemnitor, insurer, or agent)," the material shall only be ordered produced upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of the case and is unable without due hardship to obtain the equivalent by other means.

We have considered all issues presented and conclude that discovery in the present litigation shall be stayed until the conclusion of the litigation involving Glidden Body Shop's ownership of the vehicle causing Weber's injuries. The trial of this action shall be similarly stayed, and the court shall allow adequate time for discovery following the conclusion of the prior litigation. At that time Weber's discovery requests shall be reconsidered by the district court and determined under the rules that apply in first-party litigation against an insurer.

**VACATED AND REMANDED.**

This opinion shall be published.