139 So.2d 610

**E. H. McLAUGHLIN**

v.

**Louis Edward TOLBERT et al.**

**6 Div. 484.**

Supreme Court of Alabama.

March 29, 1962.

W. Walton Garrett, Birmingham, for appellant.

Beddow, Gwin & Embry and Fred Blanton, Birmingham, for appellees.

LIVINGSTON, Chief Justice.

E. H. McLaughlin brought suit in the Circuit Court of Jefferson County, Alabama, against L. E. Tolbert and his wife, N. E. Tolbert, as makers, and L. R. Tolbert and his wife, Mrs. L. R. Tolbert, as endorsers, on a note for $10,000, together with interest and attorney's fees, made on October 26, 1956. The defendants interposed a plea of the general issue in short by consent, with leave, etc.

The case was tried to a jury and resulted in a verdict for the defendants. Mc-

Laughlin appealed and will be referred to hereinafter as the appellant. The defendants in the court below will be hereinafter referred to as appellees.

The only assignments of error relate to written charges refused to the appellant. The defense relied on by appellees is payment and satisfaction of the note, or a novation in later transactions which had the effect of extinguishing it.

The evidence is in conflict, and we will here set out only so much of the evidence as to clarify the issues on this appeal.

The undisputed evidence shows that on October 26, 1956, the appellees, L. E. Tolbert and wife, executed the note in question, payable to the order of appellant, and that the appellees, Mr. and Mrs. L. R. Tolbert, endorsed the note.

Mr. and Mrs. L. R. Tolbert waived demand, presentment, protest, notice of dishonor, and suit of, and all other requirements necessary to charge or hold either of them as endorsers, as to the debt evidenced by the note or any renewal or extension thereof. The endorsers also agreed that the holder of the note could extend the time for the payment of the same or any part thereof without notice to or consent by the endorsers, and that such extension would in nowise release or discharge the endorsers.

It appears that on March 1, 1957, the appellees, L. E. Tolbert and N. E. Tolbert, were indebted to the appellant in the total amount of $22,834. On that date, appellees, L. E. Tolbert and N. E. Tolbert, delivered to appellant a check (or checks) in the amount of $16,804, which checks were deposited in appellant's bank, the Birmingham Trust National Bank, on March 2, 1957. Also, on March 1, 1957, L. E. Tolbert borrowed an additional sum of $9,900 from appellant and agreed to pay the plaintiff in 20 days the sum of $10,050.

Appellant's evidence tended to show that the $10,000 note, here sued on, was re-

tained by appellant as security for the payment of the $10,050 note, and that the retention of the note in question as security for the additional loan was satisfactory with the endorsers of the $10,000 note, and that they had knowledge thereof, that the $10,050 note was extended or renewed twelve times and the appellant continued to retain possession of the note here sued on as security.

The evidence for appellees as to the note sued on being retained as security for the $10,050 note was in direct conflict with appellant's evidence with reference to the transaction.

On December 10, 1957, appellees, L. E. Tolbert and his wife, N. E. Tolbert, were indebted to the plaintiff in the total amount of $20,000.

Appellant's evidence tended to show that appellant went to see L. E. Tolbert and N. E. Tolbert in an effort to get payment of the money owed him or additional security; that appellant told them he was holding the note sued on as security for $10,000 and requested another note to be endorsed by Mr. and Mrs. L. R. Tolbert, the parents of L. E. Tolbert. L. E. Tolbert and N. E. Tolbert refused to give plaintiff the note so endorsed. Appellant then asked L. E. Tolbert and N. E. Tolbert to give him a note acknowledging the fact that they owed him a total of $20,000, but which would not in any way void the $10,000 note here sued on; that L. E. Tolbert and N. E. Tolbert thereupon executed the note payable to appellant in the amount of $20,000.

The tendency of the appellees' evidence is to the effect that the $10,000 note here sued on was never held as security for any debt.

■ Clear enough, the conflicting evidence presented a question for the jury as to whether or not the $10,000 note here sued on was paid and satisfied or held by appellant as security. And that question, the jury resolved in favor of the appellees.

The assignments of error present for the consideration of this Court nine (9) refused written charges. Assignments of error 1, 3 and 4 relate to refused charges 5, 9 and 13. The charges are as follows:

Charge No. 5:

"The Court instructs the jury that if the evidence tends to render the indorsers of this note liable in some way other than as indorsers they shall disregard all such evidence."

Charge No. 9:

"The Court instructs the jury that where an original transaction is not usurious, a subsequent agreement to pay illegal interest in consequence of renewal or extension does not impart to the contract the taint of usury."

Charge No. 13:

"I charge you gentlemen of the jury: That an express agreement is necessary in order that a renewal note may operate as a discharge of the original obligation."

Each of the foregoing charges may state an abstract principle of law (a matter which we do not decide), but which is not related to the issues and the evidence. Instructions which make statements of legal principles, without instructions as to their effect upon or application to issues, are properly refused. Pierce v. Floyd, 38 Ala. App. 439, 86 So.2d 658. Each of the charges was ambiguous and misleading and invade the province of the jury. Milwaukee Mechanics Ins. Co. v. Maples, 37 Ala. App. 74, 66 So.2d 159; Hornaday v. First Nat. Bank of Birmingham, 259 Ala. 26, 65 So.2d 678.

Assignments of error 2, 5 and 6 relate to the refusal of Charges 7, 18 and 19, requested by appellant. The charges are as follows:

Charge No. 7:

"The Court instructs the jury that if they find from the evidence that on March 1, 1957 E. H. McLaughlin advanced credit by check to the defendant L. E. Tolbert in reliance upon the security of the endorsed note in the amount of $10,000 held by him and signed by L. E. Tolbert and N. E. Tolbert as co-makers and Mrs. L. R. Tolbert and L. R. Tolbert as endorsers, and that this check was given by E. H. McLaughlin before the $16,804.00 check of the Tolberts cleared the bank, or that the check paid by the defendants on the indebtedness were drawn against the proceeds of the check of plaintiff, then they shall find that such payment to carry the loan through another discount or interest period were renewals of the loan."

Charge No. 18:

"The court instructs the jury that if they find from the evidence in this case that the Defendants Louis Edward Tolbert and Noah Earle Tolbert were indebted to E. H. McLaughlin in the amount of $10,000.00 on October 26, 1959 and that on that date one of them delivered to E. H. McLaughlin a note in the amount of $10,000.00 signed by them as co-makers and by Mrs. L. R. Tolbert and L. R. Tolbert as endorsers, and that the contract of endorsement provided for the waiver of presentment and notice of dishonor, then you shall find that all of the defendants are primarily liable on the note and absolutely obligated to pay the amount due on the debt."

Charge No. 19:

"The court instructs the jury that if they find from the evidence in this case that the Defendant, Louis Edward Tolbert, was indebted to E. H. McLaughlin on October 26, 1956 in the amount of $10,000.00 and that the defendant on that date delivered to E. H. McLaughlin a promissory note in the amount of $10,000.00 signed by himself and Noah Earle Tolbert as co-makers, and by Mrs. L. R. Tolbert and

L. R. Tolbert as endorsers, and that the contract of endorsement provided for waiver of presentment and notice of dishonor, then you shall find that the endorsers are primarily liable on the note and absolutely required to pay the amount due on it."

These charges were properly refused because they did not correctly hypothesize the evidence. As was stated in Herrington v. Hudson, 262 Ala. 510, 80 So. 2d 519:

"These assignments relate to the refusal of charges F, 2 and 4, requested by appellant. They could have been refused without error because the hypothesis stated is not for the jury to be 'reasonably satisfied' as required by law. Except as to the affirmative charge, Walker v. Bowling, 261 Ala. 46, 72 So.2d 841(13), reversible error will not be predicated on the giving or refusal of a charge not so hypothesized. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149(5), 112 So. 422; Louisville and Nashville R. Co. v. Abernathy, 197 Ala. 512(3), 73 So. 103; Walker v. Bowling, supra. * * *"

Assignments of error 7, 8 and 9 relate to the refusal of appellant's charges 20, 21 and 22, as follows:

Charge No. 20:

"The court instructs the jury that the burden of proof of payment of the note is on the defendant and that such evidence must be clear and satisfactory so as to leave no reasonable doubt that such was the intent of the parties. That if such evidence is not clear and satisfactory as to discharge of the instrument by payment then they must find for the plaintiff."

Charge No. 21:

"I charge you gentlemen of the jury: That for an existing debt to be dis-

charged by a new obligation it must be concurred in by both debtor and creditor. The evidence must be clear and satisfactory so as to leave no reasonable doubt that such was the intention of the parties."

Charge No. 22:

"The court instructs you that the word 'any' before 'extension' of time for payment indicated that any one of an indefinite number of extensions were intended."

These charges placed too great a burden on the defendants as to the degree of conviction essential to establish an issue of fact. The correct term is "reasonably satisfied" and not "so as to leave no reasonable doubt." Firestone Tire & Rubber Co. v. Nixon, 264 Ala. 433, 87 So.2d 829; Lawson v. Norris, 215 Ala. 666, 112 So. 129; Decatur Car Wheel & Mfg. Co. v. Mehaffey, 128 Ala. 242, 29 So. 646. Charge 22 invades the province of the jury, and was properly refused. Milwaukee Mechanics Ins. Co. v. Maples, supra. Moreover, it is confusing and misleading. Hornaday v. First Nat. Bank of Birmingham, supra. Also, these charges were properly refused because the principles embodied therein were substantially covered in the trial court's oral charge and in charges given at the request of appellant. International Union, etc. v. Russell, 264 Ala. 456, 88 So.2d 175, 62 A.L.R.2d 669; City of Bessemer v. Clowdus, 261 Ala. 388, 74 So.2d 259; Dorsey Trailers, Inc. v. Foreman, 260 Ala. 141, 69 So.2d 459.

All of the foregoing charges were refused without error. These charges are made the basis of the only assignments of error, therefore, the judgment of the lower court is due to be, and is, affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.