159 So.2d 837

**H. B. AUBREY**

v.

**Eugene HELTON et ux.**

**I Div. 47.**

Supreme Court of Alabama.

Jan. 16, 1964.

E. Graham Gibbons, Mobile, for appellant.

Harry Seale, Mobile, for appellees.

LIVINGSTON, Chief Justice.

This is a suit on a written contract under which the appellant (defendant below) contracted to construct a dwelling house for the appellees. The complaint consisted of a single count and alleged, in substance, that the work was not done in a good and workmanlike manner as was provided for in the contract in that the septic tank did not meet the specified requirements of the Board of Health, the stub-out for the sewer was too low, no grease trap was provided, there were deep scratches in a swinging door, the closets were not properly finished, there was a hole in one wall, there was no access door to the bath tub plumbing, certain shoe strips were not varnished, there were deep ruts in the yard, certain siding was not properly attached to the wall, the base boards were not properly varnished, the doors had not been sanded, and certain of them did not fit properly, and a tree had been pulled down in the yard and left there. The complaint was amended by adding that the fireplace and chimney were improperly constructed, and by striking an allegation concerning the threshold between the hall and living room.

The appellant entered a plea of not guilty, and also a plea denying, generally, all the allegations of the complaint. The cause was tried to a jury in the Circuit Court of Mobile County, Alabama, and the jury returned a verdict in favor of the plaintiffs-appellees in the amount of $1200. Judgment was entered accordingly.

Appellant moved the trial court to set aside the verdict and grant a new trial, and assigns as error the denial of that motion. The only other assignments of error argued are those relating to the refusal of the trial court to give certain written requested charges.

Contrary to what the appellant seems to believe, this case in no way involves an implied warranty. It is a suit on a written

contract, the pertinent part of which reads as follows:

"1. For the total consideration named above, the contractor shall provide, direct and pay all labor required in the construction to completion of the building hereinabove referred to, and such workmen shall be qualified to and shall perform all their work in a good and workmanlike manner, and the contractor shall procure and supply all materials and supplies * * *."

■ It is the appellees' contention that the various discrepancies listed constituted a breach of contract in that the work was not done in a good and workmanlike manner. Appellant argues that a provision in a building contract that the work shall be done in a good and workmanlike manner relates to the things specified to be done, and does not impose on the builder the duty of doing acts or taking precautions which ought to have been, but were not, provided for in the plans and specifications. 9 Am. Jur., Building and Construction Contracts, § 10; Lancaster v. Connecticut Mut. L. Ins. Co., 92 Mo., 460, 5 S.W. 23, 1 Am.St.Rep. 739. Conceding, arguendo, that this is the law of Alabama, we fail to see that it controls the present case. The specifications called for walls, doors, chimneys, etc., and whether these were constructed in a good and workmanlike manner seems to us to be a question for the jury. Applying appellant's logic to this case, the appellees could recover only if the specifications called for "walls without holes in them, doors without scratches, etc."

■ Appellant further argues that acceptance and occupation of a house by the purchaser constitutes a waiver of full performance or defective performance of the contract. In support of this argument, appellant cites 9 Am.Jur., Building and Construction Contracts, §§ 52, 53 and 54; Morgan v. Sheppard, 156 Ala. 403, 47 So. 147; Aarnes v. Windham, 137 Ala. 513, 34 So. 816; Garbis v. Apatoff, 192 Md. 12, 63 A.2d 307; Wiebener v. Peoples, 44 Okl. 32, 142 P. 1036; and Steltz v. Armory Co., United,

15 Idaho 551, 99 P. 98, 20 L.R.A.,N.S., 872. These authorities do not support the argument. On the contrary, they clearly indicate that mere acceptance and occupation alone will not constitute a waiver. For example, 9 Am.Jur., § 53, supra, contains the following statement:

" * * * It is only where the use of the structure or other work is accompanied by conduct clearly indicating an acceptance of the work that the courts have held the occupation and use sufficient to show an acceptance of the contract. * * * It is for the jury to say, under all circumstances, whether there has been an acceptance of the work. * * *"

And § 54, supra, states:

"The mere fact that the owner pays for a building constructed for him will not prevent him from recovery for defects subsequently discovered, * * *. However, payment with or without knowledge of the builder's failure to perform his contract does not as a matter of law constitute an acceptance of the work of construction and a waiver of such failure to perform, * * *."

This is in complete accord with the rule in Alabama as set out in the Aarnes case, supra.

■ Appellant further urges that the damages in this case were excessive, pointing out that the measure of damages should be the cost of making the work conform to the contract requirements. In view of the fact that the appellee, Eugene Helton, who had been associated with the construction business for a number of years, testified that it would cost $2500 to make the house conform to the contract, we cannot hold the jury verdict of $1200 excessive.

■ Appellant urges that the trial court erred in refusing the following written requested charge:

"The Plaintiff cannot recover damages in this case if, after a fair con-

sideration of all the evidence, any individual juror is reasonably satisfied by any material part of the evidence that they should not recover damages."

Assuming, without deciding, that this charge is a correct statement of the law and that it might properly have been given, it was, under the circumstances of this case, not reversible error to refuse to give it. The trial judge gave the following written charge at the request of appellant:

"The Jury is instructed that, if any one of your number is not reasonably satisfied from the evidence that the Plaintiff is entitled to recover, you cannot find for the Plaintiffs."

The trial judge, in his oral charge, also instructed the jury that "it takes 12 men to return a verdict."

This court has consistently held that the refusal of a charge, the substance of which is fairly covered by the court's oral charge or by another given charge, will not constitute reversible error. McLaughlin v. Tolbert, 273 Ala. 307, 139 So.2d 610; Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391; 18A Ala.Dig., Trial, ☞260(1).

Appellant also assigns as error the refusal of the trial court to give the following written charge:

"Gentlemen of the Jury, I charge you that the Plaintiff cannot recover any damages not claimed in the Complaint."

Conceding that the charge contains a correct statement of the law, its refusal will not work a reversal because the refusal to give a charge that is merely an abstract statement of the law will not be grounds for a reversal. Birmingham Southern R. Co. v. Ball, 271 Ala. 563, 126 So.2d 206; Smith v. Lilley, 252 Ala. 425, 41 So.2d 175; Birmingham Belt R. Co. v. Bennett, 226 Ala. 185, 146 So. 265, cert. den. 290 U.S.

634, 54 S.Ct. 52, 78 L.Ed. 552; 18A Ala. Dig., Trial, ☞248.

The judgment of the lower court is affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.