194 So.2d 505

**NATIONWIDE MUTUAL INSURANCE COMPANY**

**v.**

**Harry M. SMITH.**

**6 Div. 215.**

Supreme Court of Alabama.

Aug. 25, 1966.

Rehearing Denied Jan. 26, 1967.

Jones, McEachin, Ormond & Fulton, Tuscaloosa, for appellant.

deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellee.

HARWOOD, Justice.

This is an excess verdict suit against Nationwide Mutual Insurance Company for alleged negligence in failing to settle a suit within the limits of the casualty insurance policy issued to Joe Rice.

The evidence tends to show the Rice automobile, being driven by Harry Smith for Rice, was in a line of traffic proceeding in a northerly direction on U. S. Highway 11, near the Tuscaloosa-Bibb County line. Smith pulled out of his lane and into the lane used by vehicles traveling in an opposite direction. According to Smith, he

was traveling at a speed of 50 to 60 miles per hour at the time.

The scene of the accident was near the crest of a hill, and a double yellow line indicated a no passing zone. Visibility was poor, and the paved road was wet.

The automobile driven by Smith first collided with an automobile of Mrs. Jane Simmons traveling in the same direction. It then struck an automobile being driven by Paul Edward Morris which was proceeding in the opposite direction and then collided with the automobile of William R. Brehm, also traveling in the opposite direction.

At the time of the accident, Mr. Brehm was driving his automobile and his wife, Anita Brehm, and their grandson, were passengers therein.

Mr. and Mrs. Brehm suffered rather serious injuries in the collisions. Mr. Brehm's kneecap was fractured to the extent that it had to be removed. He also suffered some broken teeth, a bruised chest, and other bruises and cuts about the body. Mr. Brehm was hospitalized in Tuscaloosa for some eight days, and was then transferred by ambulance to a hospital in New Orleans where he remained about two weeks. His injuries prevented his resuming his former job at which he received $86.26 salary per week, before deductions. He has not been employed since his injuries, and is 25% permanently disabled and was yet taking physiotherapy at the time of the trial.

Mrs. Brehm received a broken heel bone and an injury to her ankle necessitating a surgical fusion of the ankle joint. She also received other injuries.

Mr. Brehm testified that his medical expenses to the time of trial had been approximately $2,000.

After the accident, Mr. Brehm entered a suit against Harry Smith, Joe Rice, and Paul Edward Morris. This trial resulted in a verdict and judgment in Brehm's favor against Smith and Rice, damages being assessed at $34,000. The jury found in favor of the defendant Morris. Nationwide has paid $10,000 on the judgment, this amount being the limit of the policy, leaving $24,000 outstanding on the Brehm judgment.

As before stated, the present suit is by the insured Harry Smith, against Nationwide for alleged negligence in failing to settle the Brehm suit for $10,000, such offer of settlement having been made by Brehm prior to and during the progress of the trial. Although the verdict and judgment in the Brehm suit resulted in a $24,000 excess over the amount of the policy, Smith has claimed damages of only $9,999. The trial of Smith's suit resulted in a verdict and judgment for the amount sued for, i. e., $9,999, and this appeal is by Nationwide from such judgment.

The appellant has assigned as error the overruling of its motion for a new trial. Grounds 14 and 15 of the motion are to the effect that the lower court erred in overruling its demurrer to the complaint as amended. It is appellant's contention that grounds 7, 21, and 28, of the demurrer raised the question of the sufficiency of the complaint to aver negligence on the part of the appellant in not accepting the offer of settlement made by Brehm, which offer was within the limits of the policy.

The complaint first avers that a judgment has been rendered against the plaintiff in the Brehm suit, and that such judgment was for injuries and damages suffered by Brehm, and for medical expenses for his wife for injuries received by her, she being a passenger in his automobile at the time of the accident, as a proximate consequence of the negligent operation of an automobile being driven by Harry M. Smith as agent, servant, or employee of Joe Rice; that Joe Rice was owner of a policy of automobile liability insurance with the defendant (Nationwide); the complaint then sets forth the terms of the policy; the com-

plaint further describes the injuries received by Brehm and damages consequent to such injuries, and avers that such facts were known to the defendant on December 3, 4, 5, 6, and 7; that the defendant was promptly notified of the accident and it made a full and complete investigation of all the facts and circumstances and employed the law firm of Jones, McEachin and Ormond of Tuscaloosa to defend the case on behalf of the then defendant Harry M. Smith; that the defendant (Nationwide) owed the plaintiff (Smith) the duty not to negligently fail or refuse to settle the case within the limits of liability fixed by the policy of insurance; that on 3 December 1962, after the case was called for trial, but before the trial was actually entered upon, Brehm offered to settle the case for $10,000, which offer was communicated to the defendant, and was within the limits of the policy; that the defendant negligently failed or refused to settle the case within the limits of the policy, and as a proximate consequence of said negligence a judgment in the amount of $34,000 was rendered against the plaintiff and in favor of Brehm; that Nationwide has paid $10,000 on such judgment with a balance due thereon of $24,000 plus interest, all to the damage of the now plaintiff Smith, etc.

■ An examination of the complaint shows that it sets forth sufficient facts suggesting or inferring negligence in the settlement of Brehm's case, with a specific averment that the appellant negligently failed or refused to settle Brehm's suit within the limits of the policy. In other words, the complaint does more than merely assume negligence, but sets forth sufficient facts by which negligence is suggested, and then characterizes such acts as negligence. The demurrer was therefore properly overruled. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443, and cases therein cited; City of Birmingham v. Cox, 230 Ala. 99, 159 So. 818; see also especially Brown v. City of Fairhope, 265 Ala. 596, 93 So.2d 419.

Ground 74 of appellant's motion for a new trial asserts that the court erred in admitting into evidence over appellant's objection, plaintiff's Exhibit 15. This exhibit is a pre-trial status report written by Jones, McEachin and Ormond, on 9 November 1962, and forwarded to appellant in Butler, Pennsylvania. The report related to the status of the suit by Brehm against Smith and Rice. It related to the state of the pleadings, the intention of the attorneys to take depositions of certain witnesses, and requests for written statements.

■ In overruling appellant's objection to the introduction of this exhibit on the grounds that it was a privileged communication between appellant and its attorneys, the court stated it was admitting the same on the theory that the attorneys for the appellant were, at the time the report was made, also representing Smith.

The ruling of the court was proper.

Section 438, Title 7, Code of Alabama 1940, provides that no attorney shall be competent or compelled to testify in any court for or against his client, as to knowledge acquired from the client, or advice given, *unless called to testify by the client.* Smith was a client of Jones, McEachin and Ormond at the time the report was written, having been retained by Nationwide to represent Smith in the Brehm suit. It concerned matters material to the Brehm suit against Smith.

An almost identical question to the one now under consideration was involved in Henke v. Iowa Home Mutual Casualty Company, 249 Iowa 614, 87 N.W.2d 920. The lower court, in an excess verdict suit, at the instance of an insured, had ordered the insurer to produce for inspection communications between it and insurer's attorney concerning litigation in which the insured was defended by the insurer under the terms of the policy. The opinion of the Supreme Court of Iowa in affirming the action of the lower court in the premises contains a full discussion of the problem involved,

with numerous citations of authorities. The Iowa court concluded:

> Nevertheless, it is our conclusion that the privilege provided by the law, statutory or common, although quite conclusive as between an attorney and a sole client, does not apply as to communications between the parties involved in a given transaction which has been submitted to an attorney for action or advice by two or more persons for their mutual benefit. Petty v. Superior Court, 116 Cal.App.2d 20, 253 P.2d 28. The duty of the attorney to disclose or protect the interest of each is too great and too well settled for anyone to expect communications which will make impossible further efforts for the benefit of all by the attorney, to be privileged. The rule is based on much firmer ground than waiver, that of duty, loyalty and fairness, as well as on substantial public policy."

We are in accord with the above holding, and further observe that by analogy the doctrines enunciated in Sewell et al. v. Holley, 189 Ala. 121, 66 So. 506, and Parish v. Gates, 29 Ala. 254, would necessarily lead to the same conclusion.

■ Grounds 20 through 25, 28, and 31, of the motion for a new trial, assert error because of statements made by appellee's counsel in his opening statement to the jury.

These statements were based on assertions as to what counsel expected the evidence to show. Grounds 20 through 25, relate to statements to the effect that counsel for appellee expected the evidence to show that appellant's attorneys had strongly recommended to appellant that it try to settle the Brehm case for $9,000, and if the case was tried the verdict would probably award damages of $20,000 or more.

Ground 28 of the motion for a new trial relates to appellee counsel's opening statement as to a telephone call by counsel for appellant to appellant urging settlement of the Brehm case for $9,000 with the statement by appellee counsel that appellant "completely ignored the liability of the case, completely ignoring the seriousness of the injuries in the case, being up there in Pennsylvania a thousand miles away."

Ground 31 relates to counsel reading from a post-trial summary by appellant's attorneys as to their evaluation of the testimony of a witness who had testified in the Brehm case. The grounds of objection were that the statements of appellee's counsel were based on confidential matters between counsel for appellant and the appellant.

In overruling the objections to these statements, the court observed that it was overruling the objections on the basis that "that is not a statement of fact, that is just what he says he expects to prove to the jury" and also for the reason that counsel for appellant were representing Smith.

Samuel A. Bruno, regional claims attorney for Nationwide, as a witness for appellant Nationwide, testified that the appellant had been informed before and during the trial that Brehm had offered to settle his case for $10,000. Judge Reuben H. Wright, who presided at the trial below, had indicated the case could be settled for $9,000. The appellant's Tuscaloosa attorneys had recommended that the case be settled for $9,000, and had stated it was their considered opinion that a verdict in the Brehm case would exceed $20,000. However, $7,500 was the largest offer made by appellant to settle the case, this figure having been fixed by appellant's evaluation committee. This information was known to appellee's attorneys through inspection of post-trial summaries prepared at the time Jones, McEachin and Ormond were yet representing Smith.

In argument in brief counsel for appellant have incorporated the same argument as that made in support of ground 74, supra, i. e., that the matters stated by counsel for appellee in his opening statement were improper because they related to matters

confidential between appellant and its counsel.

Since at the time of the preparation of the post-trial summary, as we gather from the record, counsel for appellant were yet representing Smith, what we have written under ground 74, supra, is also applicable here.

■ Further, in cases involving factual issues, counsel may outline in his opening statement to the jury what he expects the evidence to show unless such proof is manifestly incompetent, where such statement is made in good faith. The character of such opening statement is largely within the wise discretion of the trial judge. Atlanta Life Ins. Co. v. Canady, 225 Ala. 377, 143 So. 561; Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837; Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123.

The matters of the expected evidence as stated by counsel for appellee were material and relevant to the proof of appellee's case. They were, in fact, substantially established by the evidence, or reasonable inferences therefrom. We find no error in the instances just discussed.

Grounds 29 and 30 of the motion for a new trial assert as error the action of the court in denying appellant's motion for a mistrial made after the court had *sustained* appellant's objection to a portion of appellee counsel's opening statement to the jury. In this connection the record is as follows:

"MR. RYAN DEGRAFFENRIED: That is what this suit is, this is Mr. Smith's effort now to protect himself from the liability that was placed upon him by the insurance company, but the proceeds from it go to Mr. Smith's benefit to protect him from liability, goes to Mr. Brehm to pay the judgment to him.

"MR. ORMOND: We object and move to exclude the statement that it goes to Mr. Brehm.

"THE COURT: Sustain the objection.

"MR. ORMOND: We move for a mistrial on that statement. It is highly prejudicial. I move for a mistrial.

"THE COURT: Overrule."

It is to be noted that after the court sustained appellant's objection no further motions to exclude the alleged objectionable portion was made, but only the motion for a mistrial was made. We doubt that this posture of the record should cast a reversal on the lower court.

■■ Even so, where a trial court sustains an objection to an argument (or opening statement), this court is not concerned primarily with the propriety of the argument, but with whether any harmful effect was ineradicable. Alabama Great Southern R. Co. v. Swain, 248 Ala. 535, 28 So.2d 714. We cannot see that the portion of the argument objected to, when read in context, could probably have injured any substantial right of the appellant, and we are unwilling to cast error upon the lower court in this instance. Supreme Court Rule 45.

Grounds 103 and 104 of the appellant's motion for a new trial concern the action of the court in granting appellee's request, over objection of appellant, that William R. Brehm be excused from the rule. The record does not show whether Brehm had been subpoenaed as a witness, though portions of his testimony given in the trial of his case against Smith, were read to the jury. In excusing Brehm from the rule, the court observed: "They are entitled to have one to advise with and I excuse one for you to advise with and I excuse him."

Counsel for appellant argues that permitting Brehm to remain in the courtroom and sit with appellee's counsel was unfair to appellant in that it was an attempt to create sympathy for Brehm who was not a party to the present suit.

Certainly Brehm knew as much of the facts concerning the collision between his and Smith's vehicle as did any other witness. This knowledge could be of material

benefit to appellee's counsel in the conduct of their case. Smith was not present at the trial.

■ Excluding witnesses upon invocation of the rule, or excusing witnesses from the rule, is a matter left largely to the discretion of the trial judge. Indeed, an earlier case, Ryan v. Couch, 66 Ala. 244, indicates that the exercise of such discretion is not a revisable error. Later cases however, are to the effect that a lower court's action in such premises is revisable for gross abuse of discretion. New York Life Ins. Co. v. McLean, 218 Ala. 401, 118 So. 753; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448; Gilbreath v. Gilbreath, 278 Ala. 289, 177 So.2d 915. Our research has failed to disclose any case where this court has reversed a case because of the lower court's action either in excluding witnesses (see First National Bank of Mobile v. Lartigue, 233 Ala. 670, 173 So. 21), or in excusing witnesses from the rule.

■ We hold that under the facts existing there was no gross abuse of discretion in the court's action in excusing Brehm from the rule.

■ Grounds 105 and 106 of appellant's motion for a new trial assert error because of the refusal of appellant's motion for a mis-trial, made at the conclusion of the evidence, on the basis that Mrs. Anita Brehm had been at appellee counsel's table during "a part of the trial."

When the rule was invoked the court stated that Mrs. Brehm would be excluded if she were to be used as a witness. She did not testify as a witness, though she retired to the witness room "throughout part of the trial."

■ Even had the court permitted Mrs. Brehm to testify as a witness, though she had violated the rule, such would have been in the discretion of the trial court. See Ala.Dig., Vol. 18A, Witnesses, ☞41(5). Certainly in the present showing of the record, that is that Mrs. Brehm had been

at the table of appellee's counsel for "part" of the trial, and in the witness room for "part" of the trial, speculation would have to be resorted to if error be declared in this instance.

Ground 118 of the motion for a new trial asserts improper conduct on the part of the bailiff during the deliberations of the jury. . .

At the hearing on the motion, Joseph Harper, a juror in the present suit, testified that the bailiff, Eddie Clements, had told him during lunch at a cafe that he ought to vote in favor of the plaintiff. Harper was the only juror at that stage of the jury consideration favoring a verdict for the defendant.

Clements, the bailiff, denied any such statement. Several jurors at the table at which Clements and Harper were seated also testified that no such statement had been made.

■ Counsel for appellant have cited and quoted from a large number of cases pertaining to vitiating influence upon jurors, particularly by court officials or those having charge of juries. The principles of such cases are well understood and illustrate that courts look with high disfavor upon any possible wrongful influence exercised toward a jury or any member thereof.

■ However, these cases presuppose the existence of such influence. In the present case only a question of fact solely within the sound discretion of the trier of fact was presented. There was abundant evidence justifying the court's apparent conclusion that the alleged attempted exercise of influence on the juror Harper was non-existent. No merit therefore attaches to this point raised by the appellant.

Grounds 18 and 19 of appellant's motion for a new trial relate to the court's refusal to give appellant's written charges D 20 and D 30.

These charges are to the effect that the appellant's failure to follow its attorney's recommendation in reference to settlement of the Brehm case is not alone evidence of negligence.

■ While probably faulty in other aspects, clearly these charges were refused without error since neither is hypothesized upon the jury being reasonably satisfied from the evidence. Atlanta Life Ins. Co. v. Stanley, 276 Ala. 642, 165 So.2d 731; McLaughton v. Tolbert, 273 Ala. 307, 139 So.2d 610; Jasper Coca Cola Bottling Co. v. Breed, 40 Ala.App. 449, 115 So.2d 126.

Grounds 16 and 17 of appellant's motion for a new trial assert error because of the refusal of appellant's requested written charges D 1 and D 1-A.

Each of these charges is affirmative in nature, with hypothesis.

As we understand the argument of appellant's counsel under these grounds, it is to the effect that the appellant having made a diligent investigation of the collision between the Brehm and Smith vehicles by interviewing witnesses, taking depositions, photographs, etc., and the appellant's evaluation committee having evaluated Brehm's damages at $7,500, it cannot, under such circumstances, be charged with negligence merely because it lacked the gift of prophecy in accepting the offer of settlement, if its declination of the offered settlement was an honest judgment.

Counsel for appellant relies, in support of his argument on the following statement to be found in Waters v. American Cas. Co., 261 Ala. 252, 73 So.2d 524, in the extended opinion denying rehearing:

"If the insurer has already made the investigation and ascertained the facts, to which we have referred supra, and refuses to make such proffered settlement, if such refusal is due to the honest judgment of insurer that the facts do not warrant such a settlement, and the insurer was not negligent in the manner of defending the suit, he would not be liable to insured for an amount in excess of the limit of liability provided in the policy, although the verdict and judgment were in excess of it. But if such refusal to settle under those circumstances is the proximate result of bad faith on the part of the insurer, he would be liable for the full amount of the judgment, notwithstanding it is in excess of the limit fixed in the policy."

The court was writing to the question of "honest judgment" in failing to accept a proferred offer of settlement after full investigation by the insurer. We are here of course dealing only with the question of negligence, and not bad faith. Even so, as the New York Court of Appeals asked in the Best Building Co. v. Employers' Liability Assur. Corp., case, 247 N.Y. 451, 160 N.E. 911, 71 A.L.R. 1464, "We may ask what would constitute negligence in the failure to settle a case as, distinguished from bad faith"?

And we ask, would not the refusal of an insurer, after diligent investigation of the facts, and having under the insurance contract exclusive control of the litigation and sole right of settlement, be negligent if under all the facts the offer of settlement was one which an ordinarily prudent person would accept under like or similar circumstances? And would not a refusal to settle under such circumstances negative in law a claimed exercise of "honest judgment," and raise a question of fact for submission to a jury

In its extended opinion on rehearing in the Waters case, supra, the court made it clear it was not departing from the doctrines enunciated in its original opinion. Reading the original opinion discloses the following doctrines set forth:

"This question, presented here, has not been previously decided by this Court. We are aware that in cases of this nature courts generally hold that there may be liability on the part of the insurer for the excess of the judgment

above the policy limits, but there is a division among them as to whether the liability of the insurer is based on (1) the rule of bad faith or (2) the rule of negligence. 131 A.L.R. 1500; 71 A.L.R. 1485; 43 A.L.R. 329; 37 A.L.R. 1484; 34 A.L.R. 750; 45 C.J.S., Insurance, § 936, p. 1069; 8 Appleman Insurance Law and Practice, Sections 4712 and 4713. We hold that there may be liability under both rules and properly drawn counts based either on negligence or bad faith should be held good, and separate counts, one charging negligence and one charging bad faith may be joined in the same complaint.

\* \* \* \* \* \*

"*We know of no other situation where a negligent act proximately resulting in damages to another requires that there must have been bad faith also in order to give rise to a cause of action.* They constitute different concepts. They may be joined in separate counts in a suit, and either may exist without the other."

\* \* \* \* \* \*

" \* \* \* The principle of res ipsa loquitur has no application here and, therefore, the issue is simply made here as in all negligence cases whether, considering all the circumstances, the insurer failed to exercise ordinary care on the one hand or good faith on the other." (Italics ours.)

■ In view of the overwhelming evidence tending to show Smith's negligence in causing the collision, the evidence tending to show the seriousness of the damages and expenses suffered by Brehm, and the recommendations of appellant's Tuscaloosa counsel that the Brehm claim be settled within the limits of the policy since there was a reasonable possibility of the verdict being in excess of $20,000 should the case go to trial, it must be concluded that an issue of fact was presented under all the evidence on the question of whether appellant was negligent in not settling the Brehm case within the limits of the policy.

Further, we are here considering the refusal of affirmative charges with hypothesis. Clearly, there was a scintilla of evidence tending to show negligence on the part of appellant in not accepting Brehm's offer to settle his claim within the policy limits. The court did not err in its refusal of appellant's requested charges D 1 and D 1-A.

Other points are argued in appellant's brief. Such points raise substantially the same matters as those we have written to above and are controlled by the same legal principles. We therefore pretermit discussion of these additional points.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.

On Rehearing

HARWOOD, Justice.

In brief on application for rehearing counsel for appellant has expressed concern that "a reader of the opinion would be justified in a conclusion, that in a case of this seriousness and importance, depositions should have been taken farther in advance than three weeks before trial date."

Counsel requests that we extend our opinion to show that the case was first referred to appellant's Birmingham attorneys on 9 August 1962, who made an unsuccessful attempt to transfer the suit to the Federal Court. The case was remanded to the Circuit Court of Tuscaloosa County on 30 October 1962, and was referred for defense to its Tuscaloosa attorneys on 2 November 1962. Trial was begun on 3 December 1962.

While we think counsel's apprehension in the premises is unwarranted, we are glad to accord to counsel's request in the premises.

Particularly are we inclined to show the dates as requested in view of the careful, efficient, and competent manner in which

 

counsel for appellant discharged their duties of representation. From the start of their representation counsel for appellant were confronted with the defense of a case to which there was no real defense either in law or on the facts. Their recommendations of settlement were not followed. The validity of their judgment in recommending repeatedly a settlement of the Brehm case is established by the $34,000 verdict. Nor can it be said that the verdict was not warranted nor to be reasonably expected in view of the negligence of the insured in the operation of his automobile and the severe damages resulting from his acts.

Counsel has reargued the previously asserted error growing out of appellee counsel's opening statement, written to in our original opinion. We have read the additional cases cited by counsel in brief on rehearing. We are not persuaded that our original conclusions were incorrect in view of the situation of this case.

Further, it is to be remembered that the verdict returned by the jury in the Brehm suit was $24,000 in excess of what that suit could have been settled for, i. e., $10,000. Thus the appellee was saddled with a $24,000 liability due to appellant's negligence in refusing appellee's offer of settlement. Under the facts and legal principles governing, the appellant was liable to appellee for this amount.

The appellee saw fit to claim damages of only $9,999 in the present excess verdict suit. This was in the province of appellee. Although the jury awarded the appellee the full amount of damages claimed, it is difficult to see that such award was not just in view of appellant's much larger liability.

The lower court in overruling the motion for a new trial thereby indicated its approval of the verdict as being proper. Certainly the evidence fully sustained the damages awarded.

As stated in Alabama Great Southern R. Co. v. Gambrell, 262 Ala. 290, 78 So.2d 619:

"If this be true, should we disregard the rights of the parties to the cause? The fact that the verdict is not unjust is a material if not a decisive factor in determining whether the new trial should be granted. Alabama Power Co. v. Bowers, [252 Ala. 49, 39 So.2d 402;] American Railway Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Mobile Light & R. Co. v. Gallasch, 210 Ala. 219, 97 So. 733."

See also to same effect Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110.

Opinion extended; application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.