STATE of Missouri ex rel. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,

v.

The Honorable James H. KEET, Jr., Judge of the Circuit Court of Greene County, Missouri, Defendant.

No. 12747.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 13, 1982.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 4, 1983.

Application to Transfer Denied
Feb. 23, 1983.

Karl W. Blanchard, Joplin, for plaintiff; Blanchard, Van Fleet, Martin, Robertson & Dermott, of counsel.

William H. McDonald, David A. Childers, John E. Price, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for defendant.

TITUS, Judge.

Original action in prohibition.

Davis and Clouse were both insured by State Farm Mutual Automobile Insurance Company (State Farm) when they figured in a vehicular accident in Wright County. Via attorney McDonald, Davis sued Clouse and State Farm hired the Lowther firm to defend the action. Clouse counterclaimed and State Farm employed lawyer Leighton to defend Davis thereon and he prepared and filed a reply to Clouse's answer and an answer to Clouse's counterclaim. At a pretrial proceeding in Wright County on October 19, 1981, the attorneys representing Clouse and State Farm delivered a copy of a recorded statement obtained from Davis by a State Farm investigator to attorney McDonald. At the time the petition for writ of prohibition herein was filed in May 1982, the Wright County case was still pending.

On February 10, 1982, Davis, via attorney McDonald, sued State Farm in Greene County alleging he had been damaged because the Lowther firm, representing Clouse in the Wright County cause, had been given the recorded statement Davis had made to the State Farm investigator. Thereafter, from February 26 through March 30, 1982, attorney McDonald wrote three letters to lawyer Leighton advising that McDonald would represent Davis on the counterclaim in the Wright County action and would bill State Farm for his services therein, and that lawyer Leighton was not to participate in the Wright County matter on behalf of Davis "in any shape, form or fashion." In spite of these warnings, lawyer Leighton wrote attorney McDonald June 8, 1982, that he had (with copy enclosed) prepared for filing on behalf of Davis an answer to Clouse's amended counterclaim in the Wright County case. Also, under date of July 14, 1982, State Farm wrote attorney McDonald, with copy to Davis, advising concerning the consequences which Davis could anticipate if he and attorney McDonald continued to refuse the services of lawyer Leighton.

In the Greene County action Davis, inter alia, filed requests for production of "2. . . . any and all written correspondence or written memoranda between [State Farm] and Attorney . . . Leighton regarding the defense of a counterclaim asserted by . . . Clouse now pending in the Circuit Court of Wright County . . ." and "3. . . . any and

all written correspondence or written memoranda between attorneys retained by [State Farm] to defend ... Clouse and [State Farm]." State Farm filed objections to these requests claiming the matters sought to be produced were "privileged, contained work product and are overbroad." The court nisi overruled the objections. State Farm then petitioned this court for a writ of prohibition and our provisional rule in prohibition issued.

Concerning request for production number 2, supra. Referring to the three letters written by attorney McDonald to lawyer Leighton in February and March 1982, State Farm asserts that as Davis had refused the services of lawyer Leighton, he was not entitled to the correspondence on the theory that lawyer Leighton was counsel for Davis. However, this ignores the fact that lawyer Leighton obviously refused to be ousted from the Wright County case as Davis' lawyer on Clouse's counterclaim because some 70 days after attorney McDonald's letters were written lawyer Leighton was still acting as counsel in the cause by preparing and filing an answer to the amended counterclaim. In fact, these services by lawyer Leighton were performed some four months after Davis' suit against State Farm was filed and after Davis' requests for production were served. Also, lawyer Leighton's preparation and filing of the answers to the amended counterclaim in the Wright County action occurred a month after State Farm filed its petition for writ of prohibition in this court. In any event, when and after the instant matter was lodged here, lawyer Leighton was continuing to act as counsel for Davis and we cannot hold that Davis was not entitled to the correspondence requested on the theory that lawyer Leighton was not Davis' lawyer.

By his request for production number 2, Davis simply asked for the production of written correspondence and memoranda between his insurer and the lawyer his insurer engaged to defend him on the counterclaim. Respectable authority has held that in situations of this sort, i.e., where an insurer employs counsel as specified in its policy to represent its insured and both the insurer and insured consult with that counsel for their individual and mutual benefit, testimony or evidence as to communications between insurer and insured or between either of them and their mutual attorney are not privileged in a later transaction between such parties or their representatives. *Dumas v. State Farm Mutual Automobile Ins. Co.,* 111 N.H. 43, 274 A.2d 781, 784–785[4, 5] (1971); *Brasseaux v. Girouard,* 214 So.2d 401, 410[15] (La.App.1968); *Nationwide Mutual Insurance Company v. Smith,* 280 Ala. 343, 194 So.2d 505, 508–510[2, 3] (1966); *Henke v. Iowa Home Mutual Casualty Company,* 249 Iowa 614, 87 N.W.2d 920, 923[3] (1958). See also, *Glacier General Assur. v. Superior Court,* 95 Cal.App.3d 836, 840–842, 157 Cal.Rptr. 435, 436–438[2] (1979). The preliminary writ of prohibition insofar as it relates to request for production number 2 is quashed.

Next we consider Davis' request for disclosure of correspondence and memoranda between the Lowther firm (representing Clouse) and State Farm. There is no relationship between our consideration of request number 2, supra, wherein Davis was a distinct component part of the tripartition existing between himself, lawyer Leighton and State Farm, and request number 3 concerning a relationship of which Davis had no interest or membership. The coincidence of State Farm being the insurer of both Davis and Clouse does not permit Davis access to correspondence between the insurer of Clouse and the Lowther firm any more than if Clouse's insurer had been the XYZ Insurance Company and it had employed the Lowther firm to represent Clouse in the damage suit. The relationship between an insurer and the lawyer it employs to represent its insured is a relationship between client and attorney and is privileged against production and disclosure. *Moritz v. Medical Protective Co., Etc.,* 428 F.Supp. 865, 872[2] (W.D.Wisc. 1977); *In re Klemann,* 132 Ohio St. 187, 5 N.E.2d 492, 495[1] (1936). Furthermore, it has been held that an insurer is its insured's agent and any information transferred by

the agent to the attorney representing the insured is covered by the attorney-client privilege. *State ex rel. Cain v. Barker,* 540 S.W.2d 50, 54 (Mo. banc 1976). Consequently, as regards request for production number 3 we make permanent our provisional rule in prohibition. Costs herein are taxed to State Farm.

FLANIGAN, P.J., GREENE, C.J., and PREWITT, J., concur.