This is a products liability case brought under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). John D. Camp appeals from the judgment in favor of General Motors Corporation (GM) and asserts as error the trial court's refusal to excuse his expert witness from the rule requiring sequestration of witnesses.
Camp was injured when the automobile which he was driving, a 1978 Chevrolet Monza, left the road as a result of an alleged steering malfunction and struck a tree. Camp filed an AEMLD action against GM, the manufacturer; Colonial Chevrolet-Buick, Inc., the retailer; and six fictitious defendants. The complaint alleged that the defendants manufactured, assembled, furnished, sold, or supplied him with a motor vehicle with defective steering and that this defective condition caused all of his injuries and concomitant damages. Camp subsequently amended his complaint, striking the retailer as a party defendant and adding a second count which alleged that prior to his accident, GM had knowledge of a steering lock-up problem caused by the presence of foreign particles in car steering systems similar to that on Camp's automobile, and that GM's failure to recall his car to properly filter the steering system warranted the recovery of punitive damages.
In the jury trial which followed, the rule was invoked and Camp's expert witness was not allowed to remain in the courtroom during the testimony of other witnesses. The rule, however, did not apply to the expert witness for GM, who was also a representative of that defendant and therefore was allowed to sit at the defendants' table throughout the trial. After a jury verdict in favor of GM, Camp moved for a new trial on the ground that the trial court abused its discretion in failing to excuse Camp's expert witness from the rule. The motion was denied, and this appeal ensued.
Camp seeks to have this Court adopt a sequestration rule that is essentially the same as Rule 615 (3), Fed.R.Evid. Under the federal rule, "a person whose presence is shown by a party to be essential to the presentation of his cause" may be excused from the rule and allowed to sit at the counsel's table throughout the trial. Camp argues that Alabama's adoption of a similar position will not flout the policy considerations underlying the traditional rule, because expert witnesses, who normally testify to matters of opinion rather than of fact, will not be influenced by the factual accounts of other witnesses, whereas their assistance during the trial of highly sophisticated matters would prove invaluable to the presentation of a party's case.
Excluding witnesses upon invocation of the rule, or excusing witnesses from the rule, is a matter left largely to the discretion of the trial judge. Ryan v. Couch, 66 Ala. 244
(1880). This decision will not be disturbed on appeal absent a gross abuse of discretion on the part of the trial judge.Nationwide Mut. Ins. Co. v. Smith, 280 Ala. 343, 194 So.2d 505
(1966).
After a careful review of the record, we cannot discern that the trial judge's exercise of discretion constituted reversible error.
We would, however, respectfully admonish the trial bench that in some instances, where the case appears to be primarily a *Page 960 
"battle of the experts," it might very well be prudent to allow the plaintiff's expert witness to escape the rule where the defendant's expert assumes the dual role of party representative.
The judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.