This is an appeal from a jury verdict for the plaintiffs in a landowners' suit against the defendants, C.H. Hollis and the C.H. Hollis Timber Company. (The two defendants shall be referred to as "Hollis".) We affirm. *Page 705 
The plaintiffs, Rudolph Wyrosdick and his wife Jeanette, and Eddie Hill and his wife Judy, are coterminous landowners whose lands share a common boundary line with property owned by John N. Swartz. In September 1983, Swartz executed a timber deed to Hollis, which, for a stated consideration, conveyed to Hollis all the merchantable pine and hardwood timber on Swartz's land.
Before the timber-cutting operation began, Hollis sent a forester to survey and mark the landline; the loggers were to follow the marks, which were to prevent intrusions by the loggers onto the plaintiffs' adjacent property. The forester determined the property line to be an old barbed wire fence which ran in a true north-south direction along what he perceived as the plaintiffs' western boundary. The forester "flagged" the fence as the boundary line for the logging operation. No trees were cut beyond the fence; however, as the plaintiffs' surveyor testified, the fence was approximately 50 to 100 feet east of the actual property line as determined by survey.
Although the parties' property lines are disputed, it is undisputed that the land belonging to Swartz (identified as "Section 25" in the maps and documents at trial) does not meet the requirements for an "ordinary section," as that term is used in the legal description of land. The plaintiffs' surveyor was questioned on this point at trial:
 "Q. [A]n ordinary section is a mile north and south by a mile east and west, am I correct?
"A. Uh, huh.
 "Q. Section 25 is narrower than an ordinary section, isn't it?
"A. That's right.
"Q. How many acres are in an ordinary section?
"A. Roughly 640.
 "Q. How many acres did you determine to be in Section 25?
"A. There are 455.65."
The plaintiffs filed suit against Hollis in the summer of 1984. The original complaint requested that the trial court determine the boundary between the plaintiffs' land and Swartz's land and enjoin Hollis from asserting any rights in the plaintiffs' lands. The complaint went on to allege that Hollis had committed trespass and conversion, and that Hollis had cut and removed 575 trees from the plaintiffs' lands; Hollis was alleged to be liable to the plaintiffs for the full value of the 575 trees and for an alleged diminution in value of the plaintiffs' real estate.[1]
During the second day of trial, the plaintiffs were allowed to amend their complaint for purposes of "clarification":
 "Come now the Plaintiffs and for clarification . . . hereby amend their Complaint as follows to specifically set out the allegations of § 35-14-1, et seq.,[2] namely the willful and knowing cutting of trees on Plaintiffs' land, [as] set out above. Said purpose is to more fully set out said requirements of said § 35-14-1, et seq.
". . . .
 "4. Pursuant to § 35-14-1, . . . the Plaintiffs claim of [Hollis] the sum of ELEVEN THOUSAND FIVE HUNDRED AND NO/100THS DOLLARS ($11,500.00) damages for that [Hollis] . . . willfully and knowingly, without the consent of the Plaintiffs, . . . cut down and *Page 706 
destroyed the following number of trees belonging to the Plaintiffs: Five Hundred Seventy-Five (575) Trees, then growing and being in and upon the land of the Plaintiffs, . . . and which said land was occupied by the Plaintiffs as its legal owners and during all of said times, and therefore Plaintiffs bring this suit for the damages aforestated and $10.00 punitive damages per tree for a total of $5,750.00."
The jury found for the plaintiffs and returned verdict forms which read:
 "We, the jury, find for the Plaintiffs Wyrosdick and against Charles Hollis and Hollis Timber Company, Inc., for a trespass and conversion and fix damages at
 $7,340.00 Damages for Timber 2,320.00 Survey --------- $9,660.00 Total
 "/s/ Charles W. Harrison
"Foreman (or) Forewoman
 "We, the jury, find for the Plaintiffs Hill and against Charles Hollis and Hollis Timber Company, Inc., for a trespass and conversion and fix damages at $4,160.00.
 "/s/ Charles W. Harrison
"Foreman (or) Forewoman"
Hollis's post-trial motions for a judgment notwithstanding the verdict and for a new trial were denied. This appeal followed.
In support of the argument for reversal, Hollis claims that the jury arrived at the verdict amounts by using the computations set out in § 35-14-1. Therefore, says Hollis, in order to use the statute as a guide for assessing damages, the jury necessarily found that Hollis willfully and knowingly entered the plaintiffs' property and cut the plaintiffs' trees without the consent of the plaintiffs' — a conclusion which Hollis maintains is unsupported by the evidence.[3]
We will assume without deciding that the evidence of record does not support a finding that Hollis willfully andknowingly, without the consent of the plaintiffs, wrongfully entered the plaintiffs' property and cut the trees thereon. We can not say, however, that the jury's verdicts are unsupported by the evidence, nor do we find the verdicts to be improper in light of the evidence. Despite our assumption of a lack of evidence of willful or knowing misconduct, there was sufficient evidence from which the jury could have concluded that Hollis's logging operation did cause a trespass onto the plaintiffs' property and a conversion of the plaintiffs' timber. Further, in its instructions to the jury, the trial court clearly explained each claim made by the plaintiffs, set out the prerequisites for finding for the plaintiffs on their claims, and explained the defenses asserted by Hollis and the prerequisites for application of the defenses.
We are also unable to find error in the amount of the damages assessed by the jury. The assessment of damages, where the damages are shown by competent evidence, is within the sound discretion of the jury (Feazell v. Campbell,358 So.2d 1017 (Ala. 1978)), and those damages, once assessed, are presumed correct. See Hickox v. Vester Morgan, Inc.,439 So.2d 95 (Ala. 1983); Cooper v. Peturis,384 So.2d 1087 (Ala. 1980). Particularly is this true where, as here, the jury, by way of a special verdict, based its award of damages on the trespass and conversion claim and not on the statutory penalty claim.
At trial, the plaintiffs testified regarding the actual damages suffered as a result of the logging operation on their land. Wyrosdick stated that he had counted 367 stumps and that the small growth was completely demolished. Hill testified to a stump count on his property of 208. The ground was damaged by track marks and the debris from the logging operation was left on the plaintiffs' property. Wyrosdick estimated that the per-acre value of his damaged land was $1,000-$1,500 before the cutting, but was only about $125 after the logging operation ended; and both sets of plaintiffs stated that the cost of cleaning *Page 707 
up their damaged land would equal or exceed the property's worth.
We recognize that the damages reflected in the two verdicts equals the product of a § 35-14-1 computation.[4] Where, however, as here, the evidence of the injury sustained by the plaintiffs clearly supports a damages award in the amount assessed by the jury, the method of computation of the verdict amount based on that evidence will not be questioned on review, either by the trial court on post-judgment motion or by this Court on appeal. See Nationwide Mutual Ins. Co. v.Smith, 280 Ala. 343, 194 So.2d 505 (1966); U-JChevrolet Co. v. Marcus, 460 So.2d 1341 (Ala.Civ.App. 1984); Argo Water Fire Protection [Authority] v.Keith, 441 So.2d 958 (Ala.Civ.App. 1983). Indeed, under the most favorable view of the plaintiffs' evidence of damages, the challenged method of computation inured to the decided advantage of the defendants.
AFFIRMED.
SHORES, ADAMS, HOUSTON, and STEAGALL, JJ. concur.
[1] Hollis sued Swartz, in a third-party action, for breach of warranties in the timber deed. The jury found for Swartz on this claim. Swartz counterclaimed against Hollis, alleging a failure to "wind row" and properly clean up Swartz's land after the logging operations ceased. The jury found for Hollis on this claim. These actions are not before us on this appeal.
[2] Code, 1975, § 35-14-1
"(a) Any person who cuts down . . . any cypress, pecan, oak, pine, cedar, poplar, walnut, hickory or wild cherry tree, or sapling of that kind, on land not his own, willfully and knowingly, without the consent of the owner of the land, must pay to the owner $20.00 for every such tree or sapling; and for every other tree or sapling, not hereinabove described, so cut down . . . must pay to such owner the sum of $10.00.
". . . .
"(c) Actions under this section may be joined with actions for trespass, for cutting, injuring or removing timber."
[3] Hollis also challenges the propriety of the trial court's allowing the amendment of the complaint. We reject this challenge for two reasons: 1) The amendment did not add anew claim, but merely "clarified" allegations made in the plaintiffs' original statement of their claim; and 2) the claim asserted in the amendment was rejected by the jury.
[4] 367 Wyrosdick stumps x $20 = $7,340
208 Hill stumps x $20 = $4,160